McGEE *vs.* THE STATE.

1. Upon the trial of an indictment for murder in the first degree, a verdict that the jury find the prisoner "*guilty in manner and form as he stands charged in the indictment,*" is insufficient; the 1st section of the 7th article of the act concerning "Practice and Proceedings in Criminal Cases," making it the duty of the jury, "if they convict the defendant, to specify in their verdict of what degree of the offence they find the defendant guilty."—R. S. 1835, p. 493.

2. Whatever may be taken advantage of in arrest of judgment may be corrected by writ of error.

APPEAL from Scott Circuit Court.

CHAPMAN, *for Appellant.*

NAPTON, J., *delivered the opinion of the Court.*

The appellant was indicted by the grand jury of Scott county for the murder of one Medad Randall. The indictment charged, that the defendant "feloniously, wilfully, deliberately, and premeditatedly, and of his malice aforethought," assaulted the said Randall, and with a knife, "feloniously, wilfully, deliberately and premeditatedly, and of his malice aforethought," struck the said Randall upon his right breast, a little above the right nipple, giving him a mortal wound, of which he instantly died. The indictment, in other respects, pursues the usual form of indictments for murder in the first degree.

The defendant having pleaded "not guilty," counsel was appointed by the court to defend the prisoner. A trial was had, and the jury found the following verdict: "We of the jury do find the prisoner, John McGee, guilty in manner and form as he stands charged in the indictment." A motion for a new trial was made, which was overruled, and a bill of exceptions was taken, preserving all the testimony given at the trial. The prisoner was sentenced to be hung; but an appeal having been prayed for and allowed, the circuit judge stayed the execution of the sentence until the opinion of this Court could be taken.

Our statute, in relation to practice and proceedings in criminal cases, (Rev. Code, 493,) provides that, "Upon the trial of any indictment for any offence, where, by law, there may be conviction of different degrees of such offence, the jury, if they convict the defendant, shall specify in their verdict of what degree of offence they find the defendant guilty." The verdict of the jury in this case is not in conformity to this provision, and the judgment should have been arrested. Under the indictment, the defendant might have been convicted of murder in the second degree, or of manslaughter, and the court could not, as the verdict of the jury stood, know what judgment to render. Whatever may be taken advantage of in arrest of judgment may be corrected by writ of error.

As the judgment of the Circuit Court must be reversed, and a new trial awarded, we deem it unnecessary to express any opinion in relation to the sufficiency of the testimony to convict the appellant of the crime of murder in the first degree.

Judgment reversed, and cause remanded.