# William M'Cauley, *vs.* The United States.

### Certiorari to Van Buren.

Where a prisoner on an indictment for murder, pleads guilty, the court must ascertain by examination of witnesses, whether the crime be murder or manslaughter, and the examination of the witnesses, and the decision of the judge must appear of record.

As a general verdict of guilty would be defective, so is a general plea of guilty indefinite as to the degree of crime, until ascertained by evidence.

The order of the court changing venue, is presumptive of its own regularity and conclusive, unless something to the contrary be shown by the record.

At the September term, 1844, of the District Court of Washington county, William M'Cauley was indicted for the murder of Don Ferdinand Coffman, on the 4th day of August preceding, and on application the venue was changed to Van Buren county.

At the April term, 1845, of the District Court of Van Buren, the prisoner M'Cauley, then on trial, prayed the court for the privilege of withdrawing his plea of " not guilty," and entering the plea of " guilty," which was entered in form, and judgment and sentence of death pronounced by the court.

The record and proceedings were removed to this court on a certiorari sued out by the prisoner's counsel, and on motion of Joseph C. Knapp,

the prosecuting attorney, an order was granted that the sheriff of Van Buren should forthwith bring into court the said William M'Cauley, which order the sheriff obeyed, and the said prisoner being in court, his counsel assigned for error in the proceedings in the court below :

1. There was no finding by the court or jury below, as to the offence, whether murder or manslaughter, as required by law.

2. The record does not show any conviction upon which the court could pass judgment.

3. The court below had no jurisdiction of the cause. The change of venue having been sent out of the second district without authority of law.

Hall & Mills, for plaintiff in error.

Knapp & Thompson, for the United States.

Per Curiam, Mason, Chief Justice.—The statute declares " that in all trials for murder, the jury before whom such trial is had, if they find the prisoner guilty thereof, shall ascertain in their verdict whether it be murder or manslaughter, and if such person be convicted by confession in open court, the court shall proceed by examination of witnesses in open court to determine the degree of the crime, and shall pronounce sentence accordingly." It appears that in the present case, on the trial below, after the testimony on the part of the prosecution had closed, the then defendant withdrew his plea of not guilty and pleaded guilty to the indictment, and was thereupon sentenced to be hung.— Nothing appears on the record showing that witnesses were examined by the court after he had pleaded guilty, or that the court in any manner decided whether the offence were murder or manslaughter, as contemplated by the statute. This we think was an error.

Had the trial before the jury proceeded, and a general verdict of guilty alone been rendered, it would have been clearly defective. The general plea of guilty only stands in the place of such a general verdict, and was so intended by the legislature. The law seems to regard manslaughter as a species of murder. On an indictment for the higher offence, a conviction may take place for the lower ; neither a general verdict or a general plea of guilty is permitted where murder alone is charged in the indictment, but an enquiry and decision as to the more precise nature of the offence are rendered necessary. That enquiry and decision should appear of record. The record shows that before the plea of not guilty had been withdrawn, the testimony in chief, on the part of the prosecu-

tion had all been presented. We see no valid objection therefore, on the ground that the court did not hear testimony to enable it to decide on the precise nature of the offence, but the record should have shown what the conclusion of the court upon that subject was. It is true that from the subsequent action of the court, there is a strong inference to be drawn as to that conclusion, which would have been sufficient to have sustained a judgment in a civil case, but in a criminal, and especially in a capital case, greater precision is required.

The objection that there should have been no change of venue out of the district, at least that such change was irregular previous to the joining of issue is not well taken. The law regulating the change of venue in criminal cases, is the statute of 1839, see laws of 1842-3, page 155, section 60, the law of 1843, (see same laws, page 639) so far as it prescribes the pre-requisites for a change of venue, or prevents a change to another district, being limited to civil cases. The discretion is lodged with the court to direct a change of venue for good cause shown. It is not declared that such change shall not take place previous to joining issue; not that it shall not be made to another district.

And besides; the order of the court directing a change of venue, is presumptive of its own regularity, and is conclusive, unless something to the contrary is shown by the record. Such is not the case in the present instance. To have taken advantage of the objections here urged to the change of venue, the grounds of that change should have been properly brought before us by a bill of exceptions.

Judgment reversed, and case remanded to Van Buren county.