*Hartford,*
*June, 1849.*

The State
*v.*
Dowd.

———◆———

THE STATE OF CONNECTICUT *against* DOWD and another.

On an indictment for murder, perpetrated by means of poison, the jury may find the prisoner guilty of murder in the second degree; and the court, upon such conviction, will inflict the punishment prescribed by law for the latter offence.

*It seems,* that in all cases of murder, the degree of criminality must be found as a matter of fact; and without an express finding of murder in the first degree, the court would not be authorized to inflict the punishment prescribed by law for that offence.

THE prisoners, *Solomon Dowd* and *Lucina Coleman,* were charged, in the indictment, with the murder of *Niles Coleman,* the husband of *Lucina Coleman,* by means of poison. In the first count, it was averred, that they mixed a deadly poison, called *corrosive mercury sublimate,* in a solution of camphor, and gave him the mixture to drink, which caused his death. In the second count, it was averred, that the death was produced, by causing him to drink of a mixture of corrosive sublimate of mercury, " and certain other ingredients to the grand-jurors unknown." There were two other counts, charging them with having administered to the deceased, poison, in like manner, with intent to kill and murder.

The prisoners pleaded *not guilty ;* and were tried before the superior court, holden in *Hartford,* at the *January* term, 1849. The jury found them guilty of *murder in the second degree.*

The defendants thereupon moved in arrest of judgment, upon the ground, that the verdict did not answer the issue, and was such as the jury could not legally render upon the

indictment. The question was reserved for the advice of this court.

*Bulkley* and *Hooker*, in support of the motion, contended, 1. That the verdict rendered in this case, was such an one as the jury had no right to render. The indictment charges *murder by poison*, and this only. The statute provides, that such murder shall be murder in the *first* degree; and that all other kinds of murder shall be deemed murder in the second degree. *Stat.* 223. §3. (rev. ed.) The jury could find the prisoners guilty of no other species of murder than that charged in the indictment; and they have not attempted to do so. But the statute requires the jury to ascertain whether the murder committed was in the first or second degree; and here they have made a finding inconsistent with the principal finding. If the indictment charges one species of killing, as by poison, the prisoner cannot be convicted, by evidence of a species of death entirely different, as by shooting, &c. 1 *Russ. on Crimes.* 467. 1 *East's P. C.* 341. (*ch.* 5. §107.) 1 *Chitt. Cr. L.* 559. 1 *Rosc. Cr. Ev.* 576. Under this indictment, therefore, no murder could be proved, but one in the first degree. So far as this verdict purports to convict of murder in the second degree, it is repugnant and invalid. 1 *Chitt. Cr. L.* 641. 2 *Sw. Dig.* 414.

2. That where a verdict does not answer the issue, or goes beyond it, the jury may be requested to reconsider it. 1 *Chitt. Cr. L.* 647. But if it is not amended, it will be set aside. *Commonwealth* v. *Call*, 21 *Pick.* 509. *Dyer* v. *Commonwealth*, in err. 23 *Pick.* 402. This position is not in conflict with the rule, that where the charge includes an offence of inferior degree, the jury may convict the prisoner of the inferior offence. Thus murder includes manslaughter; rape, attempt to commit rape; robbery, theft, &c.; and the jury, on a charge of the higher offence, may convict of the inferior. But all murder by poison, is murder in the first degree; and includes no murder whatever of the second degree. Murder by poison, cannot, under our statute, be murder in the second degree. *Swinney* v. *The State*, 8 *Smedes & Marsh.* 576.

3. That the verdict given by the jury, amounts to an *acquittal* of the offence charged; and consequently, no judg-

ment can be rendered on such verdict. The finding of an inferior offence on an indictment charging the greater, necessarily involves a finding of *not guilty* of the greater. On an indictment for murder, a verdict of manslaughter, is clearly an acquittal of the murder ; and were it not that the manslaughter found, is *a part* of the murder charged, no judgment could be rendered on the verdict. But no murder in the second degree, which is a murder *other* than by poison, can be a part of murder by poison. *Nancy* v. *The State*, 6 *Ala.* 483. *Weinzorpflin* v. *The State*, 7 *Blackf.* 186. *Kirk's case*, 9 *Leigh*, 627.

*M. Welles* ¡and *R. D. Hubbard*, (state's attorney,) contra, contended, 1. That the accused may be convicted, not only of the offence charged in the indictment, but on failure of proving that offence, of any other inferior crime included in that offence. 2 *East's P. C.* 516. 1 *Chitt. Cr. L.* 250. 638.

2. That the crime of murder in the second degree, is included in the crime of murder in the first degree.

In the first place, the statute has not touched the limits of the crime of murder, as defined at the common law, but has merely broken it into grades : in other words, the statute has made two degrees of precisely the same crime. Secondly, the distinction between murder in the first, and murder in the second degree, consists in the actual intent to murder ; the presence of such intent constituting murder in the first degree, its absence in the second degree. *Commonwealth* v. *Murray*, 2 *Ashmead*, 56. *Commonwealth* v. *Williams, Id.* 74. *Commonwealth* v. *Keeper of Prison, Id.* 231. 234.

From these positions it results, that murder in the first degree, which is murder with intent to destroy life, includes murder in the second degree, which is murder without such intent, in the same manner as the crime of assault and battery with intent to kill, includes the crime of simple assault and battery.

3. That the case of murder by poison, constitutes no exception to the general rule.

This appears, in the first place, from the *object* of the statute, which was to classify the different kinds of murder, in such a manner, that each kind should be punished according

to its degree of atrociousness. See the preamble to Acts of 1846. *ch.* 16. *(a)*

Secondly, the same section of the statute which provides for the division into degrees, requires the triers to find the degree as matter of *fact ;* and this is applicable to all kinds of murder.

Thirdly, it has been decided in *Pennsylvania,* where a similar division of murder is made, that murder by poison may be murder in the first or second degree according to the *intent. Commonwealth* v. *Keeper of Prison,* 2 *Ashmead,* 231. 234, 5.

Fourthly, the court will presume in favour of the verdict.

WAITE, J. The only question, presented in this case, is, whether it was competent for the jury, upon this indictment, to find the prisoners guilty of murder in the second degree, and for the court, upon such conviction, to impose the punishment prescribed by law for such offence.

Formerly, in this state, a person convicted of the crime of murder, whatever might be the attending circumstances, was liable to the punishment of death. But, in the year 1846, the legislature passed an act, in the preamble to which, they say, that " the several offences, which are included under the general denomination of murder, differ so greatly from each other, in the degree of their atrociousness, that it is unjust to involve them in the same punishment." It is therefore enacted, " that all murder, which shall be perpetrated, by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery or burglary, shall be deemed murder in the first degree ; and all other kinds of murder shall be deemed murder in the second degree ; and the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain, in their verdict,

*(a)* The preamble to the original act, which is omitted in the *Revised Statutes,* was as follows : "Whereas the several offences, which are included under the general denomination of murder, differ so greatly from each other in the degree of their atrociousness, that it is unjust to involve them in the same punishment : therefore"—

whether it be murder of the first or second degree." The statute then provides, that a person convicted of the former offence, shall suffer death—and of the latter, imprisonment for life.

It is apparent from this statute, that it was not the design of the legislature to create any new offence ; or change the law applicable to murder, except so far as the punishment was concerned. The crime still remains, as it was at common law ; and in the more aggravated cases, the person convicted is liable to the original punishment, while others, whose crimes are less aggravated, are punished with less severity.

It is a general rule, that in criminal cases, it is not necessary to prove all the allegations contained in the indictment, but in general, it is sufficient to prove so much of them, as will constitute a substantive crime, within the jurisdiction of the court before which the trial is had, and punishable by law. Thus, upon an indictment for murder, the jury may negative the averment that the act was done with malice aforethought, and convict of the crime of manslaughter. *State v. Nichols*, 8 *Conn. R.* 496. *King* v. *Hollingberry*, & al. 4 *B. & C.* 329. (10 *E. C. L.* 346.) *Rex* v. *Hunt*, 2 *Camp.* 503. 2 *Russ. on Crimes*, 700.

So if a person is charged with the commission of rape, he may be convicted of an assault with intent to ravish. *State* v. *Shepard*, 7 *Conn. R.* 54. *The Commonwealth* v. *Cooper*, 15 *Mass. Rep.* 187. And if a person be indicted for an assault with intent to kill and murder, he may be convicted of an assault with intent to kill. *State* v. *Nichols*, 8 *Conn. R.* 496.

In most of the cases mentioned in the statute, as constituting the crime of murder in the first degree, the lesser crime is manifestly included. Thus, if the charge were, that the murder was committed by the accused, while lying in wait, the jury might find, that it was not so committed, and convict him only of the lesser offence. So, if it were averred, that the act was done by him while attempting to commit the crime of arson or rape, the jury might find that part of the charge untrue, and still convict the prisoner of murder in the second degree.

Now, if the same rule applies to a case where the charge

is for murder by poisoning, then the conviction, in this case, was legal. The language of the statute strongly favours such a construction. It provides, that murder perpetrated by means of poison, or by lying in wait, or by any *other* kind of wilful, deliberate, and premeditated killing, shall be murder in the first degree; thereby implying, that in all cases, the crime must be the result of a wilful, deliberate and premeditated act.

Hence, if any case can be supposed, where murder may be committed by means of poison, and not be the result of such an act, then a conviction of murder in the second degree may be legal. And we de not feel ourselves authorized to say, that the case under consideration might not have been one of that description; and consequently, that the verdict is not right. Indeed, we are rather inclined to consider such the fair construction of the statute, especially as it is a highly penal one, and such construction operates against the greater severity.

But, however this may be, there is another provision in the statute more unequivocal. It says, that the jury, if they find the accused guilty, shall ascertain in their verdict, whether it be murder in the first or second degree. And if he be convicted by confession, the court shall determine the degree of crime, by examination of witnesses.

This provision is positive, without any exception or qualification; and we do not feel authorized, in the construction of a statute like this, involving the life or death of the person accused, to make an exception where the legislature have made none.

We are rather inclined to think, that in all cases, the degree of criminality must be determined as a question of fact; and that a general conviction, upon any indictment, without such determination, would not authorise a court to impose the greater punishment.

It was under such an impression, that the court below, in submitting the case to the jury, informed them, that in case they should find the prisoners guilty of the offence charged against them, the statute made it their duty to determine the degree of their guilt. And the jury having so done, their verdict must stand.

We therefore advise the superior court to overrule the motion in arrest, and render judgment upon the verdict.

In this opinion the other Judges concurred.

Motion in arrest overruled.