Bartley, J.
This writ of error is brought to reverse a judgment of the court of common pleas of Montgomery county, sen tencing Francis Dick to the punishment prescribed for murder in the first degree. The indictment on *whieh the plaintiff in [90 error'was convicted, charges him with the murder of a person of the name of Catherine Young, and contains three counts, each of which charges him with the crime of murder in the first degree, in the language of the statute.
The verdict of the jury is recorded in the following words :
“ That the defendant is guilty in manner and form, as he stands charged in said indictment.”
It is assigned for error, that the verdict does not ascertain the degree of the crime, as required by law.
The statute of Ohio provides: “ That in all trials for murder, the jury before whom such trial is had, if they find the prisoner guilty thereof, shall ascertain in their verdict whether it be murder in the first or second degree, or manslaughter; and if such person be convicted by confession, in open court, the court shall proceed by examination of witnesses,, in open court, to determine the degree of the crime, and shall pronounce sentence accordingly.” Swan’s Rev. Stat. 275, sec. 39.
It is claimed, that, inasmuch as. the indictment charges the crime of murder in the first degree, and the verdict finds the defendant guilty in manner and form as he stands charged, the jury did, in substance and effect, ascertain in their verdict, the degree of the homicide.
The degree of the homicide is a fact, which the statute requires to be specially found. On an issue to a jury, it is requisite that the jury should ascertain or find this fact in their verdict; and in case of a plea of guilty, the court is required to determine this question of fact, from the examination of witnesses in open court.
In the determination of the question here involved, the reason of this statutory provision becomes important; and what is it ? According to the established rules of criminal pleading, the different grades of criminal homicide may be charged against a party in the same indictment; and to sustain a conviction for murder in tho *91, 92 second, degree, or manslaughter, it is not necessary that either of those crimes should, bo specifically charged in the indictment; but 91] on the ^principle that the higher grade of the crime includes each lower degree, an indictment for murder in the first degree would sustain a conviction for murder in the second degree, or manslaughter. So that, in case of a general verdict of guilty,, without ascertaining the degree of the crime, under an indictment for murder in the first degree, there would exist uncertainty as to-the judgment which should be entered; for while the indictment charged the highest grade of the crime, the legal presumption of innocence, in the absence of proofs to the contrary, always operating, would require the judgment to be for the lowest degree of the crime for which it could be rendered under the indictment. With a view, therefore, to certainty in a proceeding so important, involving a question of life or death, this statutory enactment was provided, requiring the degree of the crime to be ascertained by a sisecial finding in the verdict, in case of an issue to a jury.
It is urged on behalf of the state, that as there is no distinction by way of grades or degrees in the crime of murder at common law, the criminal statute of this state creating the degrees in this crime, contemplated the use of the common-law form of indictment, and, therefore, provided for ascertaining the degree of the crime in the verdict of the jury; but that, where the indictment charges the crime not in the common-law form, but in the descriptive words of the degree of the crime contained in the statute, and the jury find the defendant guilty in manner and form as charged, the verdict does, in effect, ascertain the degree of the crime, and is a substantial compliance with the statute. This reasoning to sustain the judgment of the -court below, will not bear the test of examination : First, because it is manifest, that the statute could not have contemplated the use of the common-law indictment, inasmuch as there are no crimes at common law in this state, and the statutory definition or description of the crime of murder differs from that of the common law. Second, because,, although the distinction 92] of degrees in the crime of murder does not prevail at common law, yet the distinction ^between murder and manslaughter does exist, making two degrees of criminal homicide by the common law of England; and yet, this statutory provision requires that the verdict ascertain the degree of the homicide, when the defendant is guilty of manslaughter, as well as when guilty-of either *93 .of the degrees of murder; and, third, because the. language of the statute is explicit, has no reference to the form of the charge in the indictment, and does not admit of qualification. “In all trials for murder,” the jury “ shall ascertain in their verdict,” the degree of the crime, etc. The degree of the crime is a fact to be found by the jury; and it must be so specified as to appear, with certainty, from the verdict, without reference to the form of the charge in the indictment. It would be unsafe to allow the jury to ascertain the degree of the crime by a reference to the form of the indictment, as they are not so familiar with the technical form in which the crime is sometimes charged in the indictment, as to distinguish easily the requisites of a charge of one degree of homicide from that of another.
The words, “in manner and form as he stands charged in said indictment,” which are used in the record of the verdict, are, in practice, a mere matter of form, and are generally added by the clerk in entering the verdict. The indictment in this case contained all the requisites of a charge of murder in the first degree, and yet, had the verdict been, guilty of murder in the second degree, in manner and form as he stands charged in the said indictment, it would have been a good verdict. So, too, if the verdict had been, guilty of manslaughter, with the addition of the same words. In a judicial proceeding of such vast consequence, both to the community and to the accused, it was not intended that this provision of the law designed to produce certainty, should be evaded by mere words of form. Even where the conviction is by “confession in open court,” however specific the indictment may be in charging the degree of the crime, and although the prisoner may, even on interrogation, confess his guilt in the form, or, even the degree in which he is charged, *yet the court is imperatively required to proceed, on the “ ex- [93 amination of witnesses in open court, to determine the degree of the crime,” etc. The prisoner is not allowed to determine the degree of the crime, by a confession with reference to the form and manner of the charge against him; but the degree must be found by the court, from the evidence, without regard to the form of the confession, or the mode in which the crime is charged in the indictment.
It is conceded by the attorney-general, on behalf of the state, that a simple verdict of “ guilty,” on an indictment for murder in the first degree, would be insufficient. I must confess myself unable to perceive any very material distinction between that and *94 the verdict which was rendered in the court below, in this case. The indictment sets out the statutory description of the crime of murder in the first degree; and the issue, which the jury was sworn to try, was upon the charge in the indictment, in manner and form as therein set forth. So that the simple verdict of guilty is a finding under the indictment, according to the issue, and when inserted in the full record of the case, shows a substantial — indeed, an actual' — finding against the accused, in manner and form as he stands charged in the indictment. The addition, therefore, in the verdict of the words, “ in manner and form as he stands charged in said indictment,” are mere surplusage, and without any legal effect upon the verdict. And whether a verdict in a criminal cause be that of guilty or of not guilty, these woi'ds are usually added by the clerk in recording the verdict, as matter of form.
The true object of this statutory provision, therefore, must be apparent. As an indictment for murder in the first degree embraces each of the three degrees of criminal homicide, of either of which the accused may be convicted, and as the issue which the jury is sworn to try involves a charge of each of these three crimes, on a general verdict of guilty which does not ascertain the degree of the homicide, the court could render no valid judgment, not knowing, from the verdict, for what degree of crime the judg94] ment should be ^rendered. Hence, the statute has very properly provided that the degree of the crime shall be found from the evidence, and ascertained or specified in the verdict.
It is said that the statutory provision, above recited, is similar to a statute on the same subject in Pennsylvania, and that the decisions of the courts in that state sustain the judgment of the court below in this case. The tendency of the decisions referred to is to sustain the position that, where the indictment is so drawn as plainly to show that the murder was of the first or second degree, all that the jury need do would be to find the prisoner guilty in manner and form as he stands charged. White v. The Commonwealth, 6 Binney, 182; Respublica v. Searle, 2 Ib. 339; Commonwealth v. Earl, 1 Wharton, 525. But these decisions rest upon the ground that the statute of Pennsylvania does not define the crime of murder, but simply refers to it as a known offense existing at common law, and classifies it into different degrees, prescribing different punishments for the lower grades of the crime; so that the common-law form of indictment for murder was still sufficient, *95 and in contemplation of the statute. The ground upon which these decisions were made does not exist in Ohio, and therefore they can have no application here.
A doctrine contrary to that which appears to have prevailed in Pennsylvania has been held in a number of the other states. In giving a construction to a similar statute on this subject, the Supreme Court of Connecticut, in the case of The State v. Dowd, 19 Conn. 388, said that, in all cases of murder, the degree of the criminality must be found as a matter of fact; and without an express finding of murder in the first degree, the court would not be authorized to inflict the punishment prescribed by law for that offense.
Under a similar statute in the state of Missouri, the Supreme Court of that state, in the case of McGee v. The State, held that, upon the trial of an indictment for murder in the first degree, a verdict that the jury find the prisoner “ guilty in manner and form as he stands charged in the indictment,” was insufficient. This [95 case is strictly in point against the judgment of the common pleas in the case before us. The same doctrine was laid down in the case of Davis v. The State, 10 Georgia, 101; and is strengthened by the adjudications in Tennessee, Kirby v. The State, 7 Yerger, 259 ; Mitchell v. The State, 8 Ib. 827; and McPherson v. The State, 9 Ib. 280.
The Supreme Court of Ohio, held on the circuit, in the case of The State v. Town, Wright, 75, that if the jury, in case of a tidal for murder, do not specify in their verdict whether they find the accused guilty of murder in the first or second degree, or manslaughter, the court will refuse to pass sentence, and award a new trial, even without a motion on the part of the defendant. And this, I believe, has been in accordance with the uniform practice in this state.
Not only, therefore, is the plain requirement of the statute, but also the weight of authority as well as the practice in this state against the correctness of the judgment under consideration in this case.
The judgment of the common pleas must be reversed, and the cause remanded for further proceedings.