Caldwell, J.
This is a writ of error to the common pleas of Summit county. The defendant was charged with murder. The indictment is in the usual form of an indictment for murder in the first degree, charging the defendant with taking the life of William Beatson, by violence inflicted on his person, which is differently stated in the several counts, as having been done by a stone, knife, pistol, etc. Several errors have been assigned on the record. It is assigned for error, that the court refused to permit the defendant, on his own election, to be tried in the district court. This case arose since the adoption of the new constitution and the organization of the courts under it. Original jurisdiction has not been given the district court to try cases of murder; it is only in such cases as were pending in the old Supreme Court, where its jurisdiction had attached, and which went by t'he transfer as pending business, that the district court has jurisdiction. We think the court of common pleas decided correctly in refusing the election.
Exception is also taken to the verdict. The jury returned a verdict in the usual form, in ordinary cases, of “ guilty in *man- [103 ner and form as charged in the indictment,” without any specific statement of whether they found the defendant guilty of murder, in the first or second degree, or of manslaughter. A motion was made to set aside the verdict and grant a new trial, which was overruled by the court, and the defendant sentenced. In this, it is said, the court erred.
This same question was presented to this court, and decided by it in the case of Francis Dick v. The State of Ohio, ante, from Montgomery county, which was considered at the same time with this case, and which is reported by another member of the court.
The simple question presented is, whether a verdict in this form meets the requisition of the statute?
The 39th section of the act providing for the punishment of - crimes (Swan’s Stat. 238), enacts : “ That in all cases for murder, the jury, before whom such trial is had, if they find the prisoner guilty thereof, shall ascertain in their verdict, whether it be murder in the first or second degree, or manslaughter; and if such person be convicted by confession, in open court, the court shall proceed, by examination of witnesses, in open court, to determine the degree of the crime, and shall pronounce sentence accordingly.” The language of the statute is clear and positive, and requires that *103 the jury shall ascertain, in their verdict, the degree of unlawful homicide of which they find the defendant guilty.
The reason and necessity of the rule are apparent to any one. In other cases of crime, the finding of guilty makes the verdict certain, without any possibility of mistake as to what the jury have actually found; the issue presented by the indictment is a single one; no different degrees are to be passed on. When the jury have found the defendant guilty, all the rest is with the court. They look to the chargedn the indictment, which has been found true by the verdict as the predicate of their sentence. But where a defendant is charged with murder in the first degree, the case is very different; he is as well charged with murder in the second degree and manslaughter, as with murder in the first degree. He 103] *is put on his trial for all three of the offenses ; the three distinct issues are all presented to the jury, and must be passed on by them, and the jury can and must find him guilty of one or another, as the evidence requires. There being three different crimes charged on which the jury are to pass, a general finding of guilty would be a finding of guilt of one or the other, but of no one in particular. It requires no argument to convince any reasonable mind, that it is only by a strict compliance with both the letter and spirit of the statute, that trials for murder can be conducted with any degree of certainty, and the most serious mistakes avoided.
It is said, however, in support of the judgment of the court, that the verdict is equivalent to a finding by the jury, that the degree of crime was murder in the first degree. The prosecuting attorney had entered a nolle prosequi on all but the first four counts of the indictment, and the record of the verdict is, “the jury being charged by the court, do, upon their oaths, say, that the said defendant is guilty in manner and form as he stands charged in the first four counts of said indictment.” In the first place, we would say that the terms here used, are those used by the clerk in all cases in recording a verdict in form; terms seldom or never used by the jury, but which are warranted by a simple finding of guilty. A finding of guilty of something different from that in manner and form set forth in the indictment, would be no response to the issue — would be a nullity. Besides, it is not the province of the jury to determiné the legal effects of the pleadings ; most probably not one of the twelve men who constituted that jury, could determine the manner and form in which an indictment for murder in *104 the first degree should be set forth ; it was not the business of the jury. The jury, without doubt, were informed by the court that the indictment contained as well a charge of murder in the second degree, and manslaughter, as of murder in the first . degree. Would the verdict have been erroneous or repugnant, if it had found the defendant guilty of murder in the second *degree, [104 in manner and form as charged in the indictment ? Most clearly not; indeed, this is the form in which the clerk would no doubt have entered a verdict of guilty of murder in the second degree.
This verdict, as we think, fails to find the degree of homicide, of which the defendant is found guilty, and the judgment of the common picas is therefore erroneous.
The case of McGee v. The State, 8 Mo. 495, we regard as one directly in point. Where, under a statute like ours, the jury rendered a verdict similar to this, the court held, that the degree of crime not having been ascertained by the jury, the verdict did not form the predicate for a judgment. The same doctrine was held in the case of The State v. Town, Wright, 75, and such, we believe has been the universal ruling in this state. It is said, however, that it has been differently held in Pennsylvania. In the case of White v. The Commonwealth, 6 Binney, 183, the court say, that a verdict like the present would be good; but it is to be remarked in reference to that decision, that the question did not arise in that case, and what was said was a mere dictum. In the subsequent case of The Commonwealth v. Earle, 1 Wharton, 531, where the question on the statute was presented, although the court refer to what is said in the case of White v. The Commonwealth, with apparent approval, yet their reasoning agrees with the view which we have taken. That was a case of homicide by poisoning, and the court held, that inasmuch as unlawful killing by poison must be murder in the first degree, it was not necessary to specify the degree, and hold, that the provision for ascertainment of the degree by verdict was intended for cases in which the jury might be at liberty to find the prisoner guilty in the second degree. But even if authority could be found on the other side, it would not warrant us in setting at naught what we believe to be a plain and positive requisition of the statute.
The judgment of the common pleas will, therefore, be reversed, and the cause remanded for further proceedings.
Ranney and Thurman, JJ., dissented. See Dick’s case, ante.