State *v.* Upton.

———•—◦—•——

The State, Respondent, *vs.* Upton, Appellant.

1. A verdict will not, it seems, be set aside because the jury used intoxicating liquor in their retirement, unless it appears that it was supplied from an improper source, or affected the verdict.
2. Jurors are the exclusive judges of the weight of testimony.
3. Upon an indictment for murder, a verdict of "guilty in manner and form as charged in the indictment," will not support a judgment. The degree must be specified, under the statute.

*Appeal from Ripley Circuit Court.*

J. W. Morrow, for appellant, among other points, relied upon the following : 1. The instruction given below that the

26—VOL. XX.

State *v.* Upton.

jury were bound to take the testimony of a witness as true, unless impeached, is manifestly wrong. 2. The verdict is fatally defective, in not specifying the degree of the offence of which the defendant was found guilty. (R. C. 1845, p. 883, art. 7, sec. 1. 8 Mo. Rep. 495.) 3. The use of intoxicating liquor by the jury in their retirement avoids the verdict. (*Brant* v. *Fowler*, 7 Cowen, 562. *The People* v. *Douglass*, 4 Cowen, 23.)

*Gardenhire*, (attorney general,) submitted the case for the State.

Scott, Judge, delivered the opinion of the court.

John Upton was, at the September term, 1853, of the Circuit Court of Ripley county, indicted for murder in the first degree, and was subsequently tried and convicted.

There was a motion for a new trial and in arrest of judgment, both of which were overruled, and the cause was brought here by appeal.

One of the grounds for a new trial was, that the jury, in their retirement, used intoxicating liquors. Another ground was, the misdirection of the court in point of law, in giving the following instruction : "That the testimony of a witness given upon the stand will be taken as true, unless such witness be impeached."

The motion in arrest was founded on the omission in the verdict to state the degree of murder of which the defendant was found guilty. The verdict was : "We, the jury, find the defendant guilty in manner and form as charged in said indictment."

1. In consequence of the want of conveniences for holding the sessions of the courts in many counties of the state, we have never lent a willing ear to objections against verdicts growing out of irregularities in the conduct of jurors, unless such irregularities affected the verdict, or were induced by means employed by the party obtaining it. Whilst the conduct of jurors cannot be too narrowly watched by the courts, yet, if they do

misbehave, if it cannot be seen that such misbehavior affected the verdict, it has been thought best, under all the circumstances, to leave such misbehavior to the reprehension of the courts and the punishment imposed by law for it, without disturbing the verdict. No court would be warranted in receiving a verdict against a prisoner from a jury, any member of which was in the least under the influence of intoxicating liquors. But to hold that a verdict should be set aside for the use of ardent spirits by the jury, not carried to an excess, when such spirits are not supplied from a source interested, or calculated to bias the minds of the jurors, would be establishing a rule which would result in no practical good, and prove very burdensome to the parties. The setting aside of their verdicts is no punishment to jurors. They scarcely regard it as a reprimand, and to destroy their verdicts, for a cause which does not appear to have affected them, would be visiting the innocent with the consequence of the misdeeds of others. The use of intoxicating drinks by jurors, whilst in the discharge of their duties, should be discountenanced, and they should be taught that such conduct will not escape reprehension ; but the propriety of setting aside their verdicts for such cause is by no means apparent.

2. The instruction given by the court is erroneous. Courts always err, when they attempt to lay down rules by which a jury should be governed in estimating the weight to be given to the evidence of witnesses examined before them. That is a matter to be determined exclusively by themselves. They hear the witness and see his deportment, and from these circumstances, they determine, for themselves and by themselves, the confidence they will repose in his testimony. Where courts are permitted to sum up or comment upon the evidence, it is usual to express an opinion as to the weight to be given to the testimony of a witness ; but as that is not allowed here, in criminal proceedings, (R. C. 1845, p. 882,) the court should not attempt, by an instruction, to determine for a jury the weight to be given to the evidence. They should only direct the jury that,

viewing all the testimony before them, and the conduct of the witnesses, they are the sole judges of the credibility of all those who testify before them.

3. The case of the *State* v. *McGee*, (8 Mo. Rep. 495,) is in point as to the defect of the verdict in not stating the degree of the offence of which the prisoner was found guilty, and shows that such defect is fatal. The statute is imperative (R. C. 1845, art. 7, sec. 1, of the act respecting proceedings in criminal cases,) that, upon the trial of any indictment for any offence, where, by law, there may be conviction of different degrees of such offence, the jury, if they convict the defendant, shall specify in their verdict of what degree of the offence they find the defendant guilty. There may be murder in the second degree, and under an indictment for murder in the first degree, a party may be convicted for murder in the second degree. Then, as the appellant was indicted for murder in the first degree, and as the jury has failed to find in what degreee he is guilty, under an indictment on which he could be convicted either of murder in the first or second degree, their verdict does not enable the court to pronounce the sentence of the law upon it, and, therefore, it is erroneous. (R. C. 1845, art. 2, sec. 2, tit. "Act concerning Crimes and their Punishments," and art. 9, sec. 14, same act.) The other judges concur in reversing the judgment, and remanding the cause.