## Robert and John Tully v. The People.

On the trial of an indictment for murder, a verdict of guilty of murder generally, without specifying whether of the first or second degree, is erroneous.

*Heard and Decided January 13th.*

Error to Oakland Circuit.

The defendants and one Charles Tully were indicted for the murder of Patrick Tully. The indictment contained two counts, charging the crime of murder as at the common law. On the trial, the jury returned a verdict as follows:

"In this cause, the jury, heretofore impanelled, come into court, and having answered to their names, say, upon their oath, that they find the said Robert Tully and John Tully guilty in manner and form as the People have in their indictment in this cause charged; and they find the said Charles Tully not guilty in manner and form as the People have in their indictment in this cause charged."

Upon this verdict, the Court proceeded to judgment, and sentenced the plaintiffs in error to solitary confinement in the state prison for life.

*M. E. Crofoot* and *M. Wisner*, for plaintiffs in error, were stopped by the Court, who called upon the Attorney General to support the conviction.

*J. M. Howard, Attorney General,* declined to argue the case.

THE CHIEF JUSTICE:

The statute (*Comp. L.* §5713) is imperative that the jury in their verdict, or the Court on plea of guilty, shall determine the degree of the crime. The judgment must be reversed.[*]

[*]See the following authorities cited in the brief of counsel for plaintiff in error: *People v. Potter,* 5 *Mich.* 1; *Dick v. State,* 3 *O. S. R.* 89; *Parks v. State, Ibid.* 101; *Johnson v. State,* 17 *Ala.* 618; *Kirby v. State,* 7 *Yerg.* 259; *Cobia v. State,* 16 *Ala.* 781; *State v. Dowd,* 19 *Conn.* 389; *McGee v. State,* 8 *Mo.* 495; *State v. Upton,* 20 *Mo.* 397; *McCauley v. United States,* 1 *Morris* 486.