JAMES SMITH vs. THE STATE.

The statute (Gen. Statutes, p. 498, sec. 1,) divides the crime of murder into murder in the first and second degrees, and provides that in all indictments for murder " the degree of the crime charged shall be alleged." Held not necessary that the indictment should set out the facts constituting the crime murder in the first degree as distinguished from that in the second degree, but that it is sufficient if, after stating the crime in the ordinary common law form, an averment be added that the prisoner did thereby commit murder in the first degree.

WRIT OF ERROR to this court from a judgment of the Superior Court upon an indictment for murder. The plaintiff in error was found guilty of murder in the first degree and was sentenced to be executed. The indictment was as follows :—

To the Honorable Superior Court of the state of Connecticut, now sitting in New Haven, within and for the county of New Haven, on the first Tuesday of January, in the year of our Lord, one thousand eight hundred and eighty-one :

The grand jurors within and for said county, on their oaths present and inform that James Smith, of the town of

VOL. L.—13

Derby, in said county of New Haven, on the twenty-third day of December, in the year one thousand eight hundred and eighty, with force and arms at said town of Derby, in and upon the body of one Daniel J. Hayes, of said Derby, in the peace then and there being, feloniously, wilfully and of his malice aforethought, did make an assault, and that the said James Smith, a certain pistol then and there charged with gunpowder and one leaden bullet, which said pistol he the said James Smith in his right hand then and there held, then and there feloniously, wilfully and of his malice aforethought did discharge and shoot off against and upon the said Daniel J. Hayes; and that the said James Smith with the leaden bullet aforesaid, out of the pistol aforesaid, then and there by force of the gunpower aforesaid, by the said James Smith as aforesaid discharged and shot off, then and there feloniously, wilfully and of his malice aforethought, did strike, penetrate and wound him, the said Daniel J. Hayes, in and upon the abdomen of him, the said Daniel J. Hayes, giving to him the said Daniel J. Hayes, then and there with the leaden bullet aforesaid, so as aforesaid discharged and shot out of the pistol aforesaid, by the said James Smith, in and upon the abdomen of him, the said Daniel J. Hayes, one mortal wound of the depth of four inches, and of the breadth of one inch; of which said mortal wound the said Daniel J. Hayes, from the said twenty-third day of December, in the year of our Lord one thousand eight hundred and eighty, to the twenty-seventh day of December, in the year of our Lord one thousand eight hundred and eighty, at said town of Derby, did suffer and languish, and languishing did live, on which last mentioned day, in the year aforesaid, in the town of Derby aforesaid he, the said Daniel J. Hayes, of the said mortal wound died. And so the grand jurors aforesaid, on their oaths aforesaid, do say that the said James Smith, him, the said Daniel J. Hayes, in the manner and form aforesaid, feloniously, wilfully, and of his malice aforethought, did kill and murder. And so the grand jurors aforesaid, upon their oath aforesaid, do say that the said James Smith, in

the manner and form aforesaid, did thereby commit the crime of murder in the first degree.

The writ assigned for error the insufficiency of the indictment and an error of fact, which latter error was stricken out, upon objection taken, as within the sole jurisdiction of the Superior Court.

*L. N. Blydenburgh* and *T. J. Fox*, for the plaintiff in error.

The statute (Gen. Statutes, p. 498, sec. 1,) which divides the crime of murder into murder in the first degree and second degree, also provides that " the degree of the crime shall be alleged in the indictment." If it is alleged or pleaded, it must be well pleaded. 2 Bishop Crim. Pro., §§ 564, 589; 1 Bishop Crim. Law, § 797; *Smith* v. *The State*, 1 Kan., 365; *State* v. *Brown*, 21 id., 38; *State* v. *Morse*, 1 G. Greene, (Iowa,) 503; *State* v. *Chambers*, 2 id., 308; *Fouts* v. *The State*, 4 id., 500; *State* v. *McCormack*, 27 Iowa, 402; *State* v. *Watkins*, id., 415; *State* v. *Boyle*, 28 id., 522; *State* v. *Knouse*, 29 id., 118; *State* v. *Thompson*, 31 id., 393; *Bower* v. *The State*, 5 Misso., 364; *State* v. *Jones*, 20 id., 58; *State* v. *Feaster*, 25 id., 325; *Rich* v. *The State*, 8 Ohio, 111; *Robbins* v. *The State*, 8 Ohio St., 131; *Fouts* v. *The State*, id., 98; *Kain* v. *The State*, id., 306; *Hagan* v. *The State*, 10 id., 459; *Loeffner* v. *The State*, id., 599, 615; *Finn* v. *The State*, 5 Ind., 400; *Snyder* v. *The State*, 59 id., 105.

*T. E. Doolittle*, State's Attorney, for the State.

CARPENTER, J. This is a writ of error brought originally to this court. It seeks to reverse the judgment of the Superior Court, which passed sentence of death upon the plaintiff in error. Two errors were assigned, one of law and one of fact. The latter error the Superior Court alone would have jurisdiction of, and on objection taken by the state's attorney this assignment of error was stricken out, and the cause was heard on the alleged error of law,

The error alleged is that the indictment is insufficient, inasmuch as it does not set out the facts and circumstances essential to constitute the crime of murder in the first degree, but simply avers, after stating the offence in the ordinary common law form, that the prisoner "did thereby commit the crime of murder in the first degree." This it is claimed is not a compliance with the statute of 1870, (Gen. Statutes, p. 498, sec. 1,) which provides that "in all indictments for murder the degree of the crime charged shall be alleged."

The crime of murder in this state is a common law offence. It was not created by statute and no statute has ever attempted to define it. Prior to 1846 the crime was recognized and its punishment provided for by statute as follows:—"Every person who shall commit murder, and be thereof duly convicted, shall suffer death."

In 1846 a statute was enacted, the preamble of which recites that "whereas the several offences which are included under the general denomination of murder, differ so greatly from each other in the degree of their atrociousness that it is unjust to involve them in the same punishment; therefore," &c. It then makes two degrees of the crime and prescribes the punishment for each degree. That statute has been incorporated with that of 1870 in the revision of 1875, page 498, and is now in force. Its sole object was to make the punishment proportionate to the degree of atrociousness. It created no new offence, and introduced no new element into the offence as it then existed. It required no change in the mode of stating the offence in the indictment, or in the form of proceeding, except that the jury were to ascertain the degree of the crime in the verdict as a matter of fact and not of law; and that for the sole purpose of punishing the offence according to its atrociousness. *State* v. *Dowd*, 19 Conn., 388.

An essential element of the crime of murder is malice aforethought. That element remains as it always has been, unchanged by the statute of 1846. Good pleading required only that it should be stated. The evidence by which it

was expected to prove it need not be averred—indeed should not be, as the rules of pleading require that only facts should be stated and not evidence of facts. Hence it was never necessary to set out the evidential facts tending to prove malice aforethought, and it has never been done except when the means of killing also show malice; and then the manner of killing was stated, not for the purpose of showing malice, but for the purpose of showing in what manner the death was accomplished. For similar reasons the kind of malice, whether express or implied, need not be stated in the indictment, either at common law or under the statute of 1846.

Now the statute dividing the crime of murder into degrees has reference solely to the element of malice aforethought. Malice is of two kinds, express and implied. In this respect the statute makes no change. But it does in effect make all cases of express malice murder in the first degree. If the statute had in terms provided that all cases of express malice should be murder in the first degree, and all cases of implied malice merely should be murder in the second degree, we think it is quite clear that the degree of the crime would depend upon the degree of malice; and as the degree or kind of malice need not be averred, it follows that the statute requires no change in the matter of pleading.

The statute is regarded by many as resting the degree of crime upon this distinction, and we think it is the correct view as applied to all cases except those enumerated in the statute and expressly made murder in the first degree.

The statute requiring the degree of the crime to be alleged in the indictment was considered by this court in *State* v. *Hamlin*, 47 Conn., 95. In that case the indictment followed the language of the statute of 1846 and alleged the essential ingredients of murder in the first degree, but did not allege in terms that the crime therein charged was murder in the first degree. The want of that averment, it was claimed, rendered the indictment defective. The court held otherwise. In giving the opinion of the court, HOVEY, J., says:—" The object of that statute was to give to the defen-

dant information from the indictment itself, whether he is to answer to a charge of wilful, deliberate, and premeditated murder, or of murder of a lower degree. And the object is accomplished by any allegation which communicates to the defendant, with reasonable certainty, that information. That the addition to an indictment in the common law form of an allegation that the crime therein alleged was murder in the first degree, would be sufficient, cannot be doubted. But the counsel for the defendants insist that no other allegation will satisfy the requirement of the statute. We are of opinion, however, that where the indictment charges the crime to have been committed by the defendants feloniously, wilfully, deliberately, premeditatedly, and of their malice aforethought, as the present indictment does, it is equivalent to an allegation in an indictment in the common law form, that the crime charged therein is murder in the first degree, and is therefore sufficient."

This is something more than a mere *obiter dictum.* The court had before it the question—what does the statute require? and after careful consideration answered it in the language quoted. In doing so they laid down a rule which is decisive of this case. As the degree of the crime depends upon the degree or kind of malice, an allegation that the offence charged is murder in the first degree necessarily charges that the offence was committed deliberately and with premeditation ; and *vice versâ.*

We must regard that case and the case of *State* v. *Dowd* as settling the law on this question for this state. And we think it is correctly settled. The statute of 1870 was no more intended to change the mode of stating the offence, except to allege in some form of language the degree of the crime, than was the statute of 1846. The definition and essential ingredients of the degrees of the offence remained unchanged. As the former act required the petit jury to say in their verdict whether the crime of which they convicted the prisoner was murder in the first or second degree, so the latter required the grand jury to say in the indictment which grade of the crime they intended to charge him

with. No technical words or particular form of expression are required. The natural and obvious course was pursued in this case. The grand jury, following the language of the statute, said in explicit terms,—"And so the grand jurors aforesaid, upon their oath aforesaid, do say that the said James Smith, in the manner and form aforesaid, did thereby commit the crime of murder in the first degree."

There is no error in the judgment.

In this opinion the other judges concurred.

NOTE. Judge SANFORD of the Superior Court sat in the place of Judge GRANGER, absent.