THE STATE v. MONTGOMERY, Appellant.

Criminal Law : PRACTICE : VERDICT. Upon a trial on an indictment for murder in the first degree, when instructions are given upon both murder in the first and second degrees, a general verdict of guilty is insufficient and the judgment thereon will be reversed upon appeal. The statute requiring the jury to specify in their verdict the degree of the crime found is mandatory. R. S. 1879, sec. 1234. ( *Overruling The State v. Core*, 70 Mo. 493.)

*Appeal from Carter Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

The State v. Montgomery.

*Chas. P. & J. D. Johnson* for appellant.

The verdict of the jury is insufficient in law to sustain the judgment. Revised Statutes, 1879, section 1234, is a mandatory provision and requires the jury to specify in their verdict of which of the degrees of the offense they find the defendant guilty. Bishop Crim. Pr. and Pro. 595; Whart. Crim. Pl. (8 Ed.) sec. 541; Whart. Crim. Law (8 Ed.) sec. 548; *State v. Moran*, 7 Iowa, 236; *State v. Redman*, 17 Iowa, 237; *State v. Dick,* 3 Ohio, S. P. Cr. 80; *Park v. State*, 3 Ohio, S. P Cr. 101; *Schoonover v. State*, 7 Ohio, 299; *Levison v. State*, 54 Ala. 520; 16 Ala. 781; *Hall v. State*, 40 Ala. 698; 42 Ala. 509; 35 Ala. 52; *John v. State*, 17 Ala. 618; *Buster v. State*, 42 Tex. 315.

*John M. Wood*, Attorney General, for the State.

The verdict was sufficient. R. S. 1879, sec. 1927; *State v. Berning*, 91 Mo. 84; *State v. Robb*, 90 Mo. 34; *State v. Burk*, 89 Mo. 635; *State v. Steptoe*, 65 Mo. 640; *State v. Matrassey*, 47 Mo. 296; *State v. Core*, 70 Mo. 493.

SHERWOOD, J.—The defendant was indicted for murder in the first degree.

There was ample evidence to support the charge. The trial court, however, gave instructions as to both degrees of murder. The first instruction is as follows:

"Gentlemen of the jury: The court instructs you that the defendant, Houston Montgomery, stands charged in this indictment with murder of the first degree; and under the evidence in this cause, you must convict the defendant either of the first or of the second degree, or acquit him on the ground of self-defense."

The eleventh instruction reads: "If you convict the defendant of murder of the first degree, you will by your verdict so say. In that case you have nothing to

do with the punishment to be inflicted. But if you acquit him of murder of the first degree and convict him of murder of the second degree, you will assess his punishment for a term of not less than ten years."

The jury returned the following verdict:

"State of Missouri
      *vs.*      } ss.
"Houston Montgomery.

"We the jury find the defendant guilty. RICHARD A. JONES, Foreman."

Upon this verdict the trial court sentenced the prisoner to be hanged ; hence this appeal.

The sole point made by appellant's counsel is the insufficiency in law of the verdict to sustain the judgment. Revised Statutes, 1879, section 1234, provides : "Upon the trial of an indictment for murder in the first degree, the jury must inquire, and by their verdict ascertain, under the instructions of the court, whether the defendant be guilty of murder of the first or second degree, and persons convicted of murder in the first degree shall suffer death ; those convicted of murder in the second degree shall be punished by imprisonment in the penitentiary not less than ten years."

Revised Statutes, 1845, page 883, section 1, read as follows, to-wit: "Upon the trial of any indictment for any offense, where by law there may be convictions of different degrees of such offense, the jury, if they convict the defendant, shall specify in their verdict of what degree of offense they find the defendant guilty."

In a subsequent revision this section was amended so as to read : "Upon the trial of any indictment for any offense where, by law, there may be conviction for different degrees of such offense, the jury, if they convict the defendant of a degree of the offense inferior to the offense alleged in the indictment, shall specify in

VOL. 98—26

their verdict of what degree of the offense they find the defendant guilty." G. S. 1865, p. 852, sec. 1.

No subsequent revision changed the section in question until the revision of 1879, when the section was changed to what it is at present; but while it stood as first enacted, it was held by this court in two instances to be *mandatory* in its requirements; thus in *McGee v. State*, 8 Mo. 495, the defendant was indicted for murder in the first degree, and upon trial had, the verdict was: "We of the jury do find the prisoner, John McGee, guilty in manner and form as he stands charged in the indictment." And this court, after quoting the statute then in force, ruled that the court, as the verdict then stood, could not know what judgment to render, and thereupon the judgment was reversed. So, also, in *State v. Upton*, 20 Mo. 397, where the defendant was indicted for murder in the first degree, and the verdict was substantially the same as in the case first instanced, the same ruling was made as in that case; and upon the same grounds. The effect of the amendment of the section, as already shown, has only been to emphasize the commands of the law.

In referring to similar statutes of other states, Mr. Bishop says: "The view sustained by most of the authorities, and probably best in accord with the reason of the thing, is, that the legislature meant by this provision to make sure of the jury's taking into their special consideration the distinguishing features of the degrees and passing thereon. Hence this provision is in the full sense mandatory; and unless they find the degree in a manner patent on the face of the verdict, without help from the particular terms of the indictment, it is void. No judgment can be rendered thereon, but a second trial must be ordered." 2 Bishop's Crim. Proc. (3 Ed.) sec. 595. Wharton says: "Where a statute requires in the verdict a designation of a degree, or the specific assessment of a punishment, a general verdict,

without such designation or assessment, will be a nullity." Whart. Cr. Pl. & Prac. ( 8 Ed.) sec. 752.

These observations of eminent authors are fully supported by the adjudications in all states possessing statutory provisions similar to our own.

Thus in Alabama, in *Levison v. State*, 54 Alabama, 520, it is said : " It has uniformly been decided that under an indictment for murder, a judgment of conviction cannot be rendered on a verdict of guilty which does not expressly find the degree of the crime." In Michigan, the supreme court, in passing upon a general verdict in a case of murder, says : " The statute is imperative that the jury in their verdict, or the court on plea of guilty, shall determine the degree of the crime. The judgment must be reversed." *Tully v. People*, 6 Mich. 273. In Connecticut, it was held that in cases of murder the degree of criminality must be found as a matter of fact, and without an express finding of murder in the first degree, the court would not be authorized to inflict the punishment prescribed by law for that offense. *State v. Dowd*, 19 Conn. 388.

There are many such cases cited by defendant's counsel, but it would seem that the statute in question is too plain to admit of either doubt or discussion ; its language and purpose are equally plain. That undoubted purpose is to charge the consciences of the jury with the solemn duty of *inquiring* and by the verdict *ascertaining* whether the defendant was guilty of murder in the first or second degree ; and no one else but the jurors can perform the duty thus enjoined. If the statute does not mean this, it does not mean what it says and should no longer be permitted to destroy space on the statute book. Sections 1927 and 1929 do not militate against the views here expressed ; they relate to a different class of cases.

*The State v. Core,* 70 Mo. 493, is opposed to the position here taken, but that case was decided without so much as referring to the statute or the previous decisions of this court or to those of other states. It must therefore be held not to be law on the point now under discussion, and is thereby, so far as it conflicts herewith, overruled. Holding these views, the result is the reversal of the judgment and the remanding of the cause. All concur BARCLAY, J., in the result.