## No. 6778.

### State vs. George Washington et al.

The judge presiding at a criminal trial can not, either in his charge to the jury, or at any time during the trial, declare the existence of any fact bearing on the case at issue, or deny the existence of any such fact, when it is asserted to the jury by the counsel of the accused in the course of his argument.

APPEAL from the Superior Criminal Court, parish of Orleans, *Whitaker*, J.

*H. N. Ogden*, Attorney General, for the State.

*L. Marrero* for defendant and appellant.

The opinion of the court was delivered by

DeBlanc, J. Defendants were indicted for and convicted of rape, a crime—the legal price of which should ever be the life of the perpetrator. The jurors by whom they were tried, returned against them the qualified verdict of "guilty, without capital punishment." If guilty, they were fortunate indeed that a too merciful qualification was attached to the verdict.

During the trial in the lower court, their counsel—in addressing the jury—asserted that one of the State witnesses had testified that the prosecutrix had no other mark of violence on her person but the laceration of her private parts. The judge presiding denied the assertion thus made by the counsel, and prevented him from commenting on the disputed fact. To that interruption, the prisoner excepted, and—on that ground—moved for a new trial.

That interruption was unauthorized and irregular—and, as it

4

came from one who is justly presumed to stand indifferent and disinterested between the prisoner and the State, from one in whom an impartial jury is justly inclined to believe and trust, it may have influenced their minds and verdict. Were he mistaken, the denial by the judge of a fact asserted by an attorney, would often impair, and might even destroy the legitimate effect of proper evidence, dispel reasonable doubts, reconcile conflicting opinions, change already formed convictions, and substitute—to that of the jurors—the judge's recollection of the facts disclosed on the trial.

What does the law command? "In his charge to the jury, the judge shall not state or repeat the testimony of any witness —nor shall he give any opinion as to what facts have been proven or disproved." Revised Statutes, Sec. 1963. This he did, during the trial and before his charge, and this he could not legally have done at any stage of the trial. In his ardent zeal to protect society against the repetition of the most execrated, the most infamous crime, he has vitiated the verdict returned against the prisoners, and—to our regret—the sentence based on that verdict must fall.

It is—therefore—ordered, adjudged and decreed that the judgment appealed from and the verdict of the jury, be and they are hereby annulled, avoided and reversed, and that this case be remanded to the lower court for a new trial.