No. 9831.

## McCLURE *v.* THE STATE.

CRIMINAL LAW.—*Defendant as Witness.*—*Jury.*—In a criminal prosecution, where the defendant testifies, the jury should not determine the facts and circumstances of the case without taking into consideration the testimony of the defendant, nor before considering what weight should be attached to such testimony. They should take into consideration such testimony for what it is worth, in connection with all the other evidence in the cause, in determining what the facts and circumstances of the case are.

SAME.—*Verdict, Reception of.*—*Consent of Defendant.*—*Judicial Power.*— The reception of a verdict is a judicial act, and judicial power can not be delegated, and the reception of a verdict by an attorney, whom the

court, with the consent of the parties, had designated to receive it, is a nullity; nor can the consent of the defendant vest such judicial authority in the person selected to receive it.

From the White Circuit Court.

*A. W. Reynolds, E. B. Sellers* and *J. P. Wright,* for appellant.

*D. P. Baldwin,* Attorney General, and *F. P. Hench,* Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted in the court below for the crime of arson, in burning a dwelling-house, the property of John S. Thacker, Jr., and upon trial was convicted, fined and sentenced to a year's imprisonment in the penal department of the Indiana Reformatory Institution for Women and Girls. The defendant's motion for a new trial was overruled. The evidence in the cause was conflicting as to the burning by the defendant, and it seems to us, on an examination of the evidence, that there was some uncertainty as to the ownership of the house. The house was not occupied at the time it was burnt, and it did not very clearly appear to have been the property of the above named Thacker. But we not decide the case upon that ground. The defendant was introduced as a witness on her own behalf, and not only denied the burning of the house, but testified to several matters having a bearing upon the question at issue. The court gave to the jury the following instruction, to which the defendant excepted, viz.:

"3d. You are also judges of the facts in the case, and of the credibility of the witnesses. If you find that there is any conflict in the testimony of the witnesses, you should harmonize such conflict so that it all may stand, if it can be done; but, if you find that such conflict can not be thus reconciled, then you must determine for yourselves what witness or witnesses you will believe and whom you will disbelieve. The law makes the defendant a competent witness

McClure *v*. The State.

in her own behalf, but her credibility is left with the jury; and what weight should be given to her testimony is for you to determine after carefully considering all the facts and circumstances of the case."

This charge, as we think, embodies an incorrect statement of the law. The jury should not determine the facts and circumstances of the case without taking into consideration the testimony of the defendant, nor before considering what weight should be attached to such testimony. They should take into consideration the testimony of the defendant for what they may think it to be worth, in connection with all the other evidence in the cause, in determining what the facts and circumstances of the case are. In determining the weight that should be attached to the testimony, in his own behalf, of a defendant in a criminal prosecution, the jury may, doubtless, take into consideration the fact that he is such defendant; and to what extent, if any, this fact should detract from the credibility otherwise due to his testimony, it is for the jury to determine. In other respects the testimony of such defendant is to be judged of as that of any other witness.

Another fatal error was committed in the cause. It appears by a bill of exceptions, that, after the cause had been given to the jury, the judge desiring to go home, the parties consented that the verdict, when agreed upon, might be received in his absence by an attorney of the court. The judge accordingly left, and the verdict was received in his absence by the attorney mentioned. When the judge left there was no court in session, and the reception of the verdict was a nullity. The reception of a verdict is a judicial act, and judicial power can not be delegated. The consent of the defendant could not create a court, nor vest judicial authority in the person selected to receive the verdict. See *Britton* v. *Fox*, 39 Ind. 369. The statute provides for the

appointment of an attorney to hold court in certain cases, 2 R. S. 1876, p. 10, but the appointment in this case was not made in accordance with the statute.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for the return of the prisoner.