## STATE v. JACKSON.

Under Rev. Code Cr. Proc. § 397, providing that when the jury has agreed on their verdict they must be conducted into court, and section 415, providing that when the verdict is given and is such as the court may receive the clerk must immediately record it and read it to the jury and inquire if it is their verdict, notwithstanding section 396, providing that while the jury are absent the court may adjourn from time to time as to other business, but it is nevertheless deemed open for every purpose connected with the cause submitted to them till a verdict is rendered or the jury discharged, the verdict cannot be received by the clerk in the absence of the judge, notwithstanding consent of defendant thereto; the presence of the judge being necessary that there may be a court, and the reception of a verdict being a judicial function, which cannot be delegated.

On the trial of a bank cashier for making a false report to the state examiner, preceding false reports made by him are neither irrelevant, immaterial, nor incompetent, on the question of intention.

On the trial of a bank cashier for making a false report to the

state examiner, there is no abuse of discretion in admitting prior false reports made by him; the state being limited to reports made within a year.

Refusal of instructions substantially covered by those given is not ground for complaint.

An "overdraft" arises where a customer of a bank draws from it more money than is standing to his credit in his account with it.

The report of a bank cashier to the state examiner must agree with the books of the bank as to names by which accounts are called, so that he makes a false report where he reports overdrafts as loans.

(Opinion filed, November 20, 1907.)

Error to Circuit Court, Clark County. Hon. GEORGE H. MARQUIS, Judge.

Carl Jackson was convicted of crime, denied a new trial, and brings error. Reversed, and a new trial ordered.

See 20 S. D. 305, 105 N. W. 742.

C. G. Sherwood, C. X. Seward, and O. H. Ames, for plaintiff in error. S. W. Clark, Atty. Gen., and W. J. Jacobs, State's Atty., for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Clark county the defendant was tried and found guilty of the crime of making a false report to the state examiner as to the condition of the Fist State Bank of Clark, of which he was at the time cashier. As a determination of the alleged error in the acceptance of the verdict by the clerk of the court pursuant to the stipulation of counsel and in the absence of the judge after an adjournment was taken is decisive of this appeal, it is unnecessary to consider certain assignments of error urged in the brief of counsel for the defendant which relate to points not likely to arise on a retrial.

It is disclosed by the record that, after the court had charged the jury and they were about to retire to deliberate upon their verdict, it informed them that a stipulation had been entered into, for their convenience and his own, whereby the clerk was invested with the power to accept their verdict in his absence. The court was then adjourned from December 22, 1906, until January 3, 1907. It is further disclosed by the record that "Sunday morning, December 23d, the jury having agreed, the verdict was received, in the presence of the defendant and his counsel and the state's

attorney, by the clerk, in the absence of the judge, and the jury
was discharged by the clerk." Counsel for the defendant con-
tend that the verdict so received by the clerk and the judgment
entered thereon were null and void, as it was not competent for
the counsel for defendant, even with his consent, to enter into such
a stipulation, and that the court had no authority to delegate to
the clerk the power to accept the verdict of the jury in his absence.
We are of the opinion that counsel for the defendant are right
in their contention. By section 397 of the Revised Code of Crim-
inal Procedure it is provided: "When the jury have agreed upon
their verdict they must be conducted into court by the officer hav-
ing them in charge. * * *" By section 415 it is provided:
"When the verdict is given and is such as the court may re-
ceive the clerk must immediately record it in full upon the minutes
and must read it to the jury and inquire of them whether it is
their verdict. * * *" The questions presented, therefore, are:
Was the verdict presented to the court? Was it in the power of
the judge or court to confer upon the clerk authority to receive
the verdict in his absence?

In Am. & Eng. Enc. of Law, vol. 8, p. 22, a court is defined
as "an incorporeal being, which requires for its existence the pres-
ence of the judge." Again, on page 25, it is stated: "A court is
composed of a judge or judges present and presiding and sub-
ordinate officers." And in volume 17, p. 719, it is stated: "This
rule as to the necessity for the presence of the judge is based upon
the idea that the judge is an essential element of the court, and there
can be no court in the legal sense in his absence." O'Brien v. People,
17 Colo. 561, 31 Pac. 230; Shular v. State, 105 Ind. 288, 4 N.
E. 870, 55 Am. Rep. 211; State v. Beuerman, 59 Kan. 586, 53
Pac. 874; Turbeville v. State, 56 Miss. 798; Wright v. Wallbuam,
39 Ill. 554. And in 11 Cyc. p. 655, a court is defined as "an in-
corporeal political being, which requires for its existence the pres-
ence of its judges, or a competent number of them. * * * and the
performance of some public act indicative of the design to perform
the functions of a court. Bacon Abr. tit. 'Court' (quoted in Re
Terrill, 52 Kan. 29, 31, 34 Pac. 457, 39 Am. St. Rep. 327; State v.
Judge Civ. Dist. Ct., 32 La. Ann. 1256, 1261; Gray v. Bastedo,

46 N. J. Law, 453, 455; Lewis v. Hoboken, 42 N. J. Law, 377, 379; Davis v. Delaware Tp., 41 N. J. Law 55 56); In re Lawyers' Tax Cases, 8 Heisk. (Tenn.) 565, 650 (citing Bouvier L. Dict.)." It will thus be seen that the judge is an essential constituent of a court, and that there can be no court in the absence of the judge or judges. At the time, therefore, that the verdict was recived by the clerk of the court, no court was in session, and the verdict was therefore, not returned to the court.

It is true that undre the provisions of section 396 of the Revised Code of Criminal Procedure which provides: "While the jury are absent the court may adjourn from time to time as to other business, but it is nevertheless deemed open for every purpose connected with the cause submitted to them until a vrdict is rendered or the jury discharged"—the court remained open, and the judge, if he had been present, would have been authorized to hold the court and receive the verdict, notwithstanding the court was adjourned by him on the day preceding for a period of about 10 days and the verdict was returned on Sunday. People v. Odell, 1 Dak. 197, 46 N. W. 601. But, as before stated, there could be no court held in the absence of the judge. It seems to be well-settled law that neither the judge nor the court can delegate any of his or its judicial functions to any other person. In 17 Am. & Eng. Enc. of Law, p 717, it is stated: "The powers and duties of a judge are strictly personal in their relation and are to be performed by such officers alone. He cannot delegate his authority to another, except where, as in case of special judges, a delegation of power is authorized by special statute not in violation of the Constitution." Hards v. Burton, 79 Ill. 504; McClure v. State, 77 Ind. 287; Van Slyke v. Trempealeau Co. F. M. Ins. Co., 39 Wis. 390, 20 Am. Rep. 50; Cargar v. Fee, 119 Ind. 536, 21 N. E. 1080; Petty v. Durall, 4 G. Greene (Iowa) 120. See, also, 1 Am. & Eng. Enc. of Law, p. 974. And this was the view taken by this court as to the power of the Governor. In re Tod, 12 S. D. 386, 81 N. W. 637, 47 L. R. A. 566, in which this court held in effect that discretionary power conferred upon a public agent could not be delegated, and hence that the Governor,

in issuing extradition papers and passing upon their validity, exercises a power which devolves upon him alone and cannot be delegated to any other person, and in that case this court said: "The execution of the power requires careful examination of the requisition papers and involves the exercise of his discretion."

The reception of a verdict is clearly a judicial act, and authority to receive it cannot be delegated. Britton v. Fox, 39 Ind: 369; McClure v. State, supra. In the latter case, which is a case very similar to the one at bar, the Supreme Court of Indiana says: "Another fatal error was committed in the cause. It appears by a bill of exceptions that, after the cause had been given to the jury, the judge desiring to go home, the parties consented that the verdict, when agreed upon, might be received in his absence by an attorney of the court. The judge accordingly left, and the verdict was received in his absence by the attorney mentioned. When the judge left there was no court in session, and the reception of the verdict was a nullity. The reception of a verdict is a judicial act, and judicial power cannot be delegated. The consent of the defendant could not create a court, nor vest judicial authority in the person selected to receive the verdict. The judgment below is reversed, and cause remanded for a new trial." It is quite clear, therefore, that the verdict so received by the clerk and the judgment entered thereon were null and void, and the judgment of the circuit court and order denying a new trial must therefore be reversed, and a new trial ordered.

There were two or three errors assigned which were discussed by counsel, and, as the questions involved therein may arise upon another trial, we have deemed it proper to express our views in regard to them. The state was permitted over the objection of the defendant, to introduce in evidence three preceding reports made by the defendant during the year, which were shown to be false. It is contended by the defendant that the court erred in admitting these prior reports, for the reason that they were too remote, and were irrelevant, immaterial, and incompetent; but in our opinion the court committed no error in admitting these reports in evidence. In discussing the question of remoteness of time, Mr. Greenleaf, in his work on Evidence (volume 3, § 15), says: "In

regard to the distance of time between the principal fact in· issue and the collateral facts proposed to be shown in proof of .the intention, so far as it affects the admissibility of the evidence, no precise rule has been laid down; but the question rests in the discretion of the judge." Underhill on Criminal Evidence, p. 501; Hall v. Naylor, 18 N. Y. 588. Clearly in the case at bar there was no abuse of this discretion, and the limitation made by the court of one year as the time within which these reports might be introduced was in our opinion a proper exercise of that discretion. The court limited the effect of this evidence at the time it was admitted, and in its charge to the jury the question of showing the intention of the defendant in making the report involved in this case. For that purpose these reports were irrelevant, immaterial, nor incompetent, and were properly admissible. State v. Coleman, 17 S. D. 594, 98 N. W. 175; State v. Phelps, 5 S. D. 480, 59 N. W. 471; State v. Halpin, 16 S. D. 170, 91 N. W. 605; notes to the Strong v. State.

And it is contended by the defendant that the instructions requested should have been given by the court; but it is quite clear, from an examination of the judge's charge, that the first and third instructions requested were substantially given by the court. The refusal to give instructions requested is not reversible error, where they are substantially covered by the instructions given. State v. Yokum, 11 S. D. 544, 79 N. W. 835; Green v. School Twp., 5 S. D. 452, 59 N. W. 224. This was the view taken in a similar case by the late territorial Supreme Court in the case of Parliman v. Young, 2 Dak. 175, 4 N. W. 139, 711, in which the court held "that it was not bound to give instructions in the form and language in which they were asked. If those given sufficiently cover the case and are correct, the judgment will not be disturbed." The refusal of the court, therefore, to give the instructions of the defendant as requested, does not constitute reversible error, notwithstanding they state the law correctly.

The second instruction was very properly refused by the court for the reason that it did not state the law correctly applicable to this case. By that instruction the court was instructed to charge the jury that the statement as made need not agree with the

books of the bank as to the names by which the accounts are called, and that overdrafts may be called loans, or cash items, cash, etc. The court in its charge to the jury instructed them that "an overdraft arises when a customer of a bank draws from that bank more money than is standing to his credit in his account with the bank, and such a sum so appearing from the deposit account to be withdrawn in an overdraft, and would be so reported to the public examiner in such a report as the one involved in this case." The court was clearly correct in this part of its charge. The general understanding by bankers and the public generally of the term "overdraft" is as given by the court, and is sustained by lexicographers in their definitions of that term.

The contention of counsel for defendant that the report made by the defendant need not agree with the books of the bank, either in statement of assets, liabilities, or the names by which they are called, is in our opinion not sustained by the authorities. The author of the article on "Banks and Banking" in 5 Cyc. 583, in discussing the question of the reports to the Comptroller, says: "Every overdraft which is reported as a loan with criminal intent, contrary to the instructions concerning the method of reporting them, is a false entry." Dorsey v. United States, 101 Fed. 746, 41 C. C. A. 652; Bacon v. United States, 97 Fed. 35, 38 C. C. A. 37; United States v. Graves, 53 Fed. 634.

The judgment of the circuit court and order denying a new trial are reversed, and a new trial ordered.