PEOPLE *v.* CLARK.

1. CRIMINAL LAW—TRIAL—APPEAL AND ERROR.
   Where, on the trial of respondent charged with the crime of murder, the prosecutor and the court indicated to the jury that the question of whether or not a murder had been committed was determined by the verdict of the jury in the trial and conviction of a codefendant, *held,* to be prejudicial error.

2. SAME—MURDER—DEGREE OF CRIME—VERDICT—SUFFICIENCY.
   Under section 11472, 3 Comp. Laws, a verdict of "guilty as charged" is insufficient to support a judgment of murder in the first degree.

Error to the recorder's court of Detroit; Phelan, J. Submitted February 11, 1909. (Docket No. 149.) Decided March 3, 1909.

Charles Clark was convicted of murder, and sentenced to imprisonment for life in the State prison at Jackson. Reversed.

*Felix A. Doetsch* and *James S. Doyle,* for appellant.

*Philip T. Van Zile,* Prosecuting Attorney, and *Fred H. Aldrich,* Assistant Prosecuting Attorney, for the people.

BROOKE, J. The defendant, Charles Clark, was informed against at the September, 1907, term of the re-

corder's court of the city of Detroit, for the murder of one
Horton Warren, who was the proprietor of a rooming
house, known as the "Goodrich House," situated on the
second and third floors of a three-story building at the
northwest corner of Brush street and Jefferson avenue in
the city of Detroit. The shooting is alleged to have taken
place on the night of October 28, 1902. One Thomas
McGrath was likewise implicated in the killing, and was
apprehended a few months after the event, placed upon
trial, and was convicted. The respondent was not ar-
rested until nearly five years after the event.

The respondent relies upon many assignments of error,
only two of which we consider.

1. The first relates to improper remarks of the court
and prosecutor in the presence of the jury. It appears
that the prosecuting attorney, during the examination of
one of the witnesses for the people, asked the following
question:

"*Q.* Do you remember the next morning—I ask you
the fact as to the next morning after this murder, whether
or not your bicycle—

"*Mr. Doetsch:* I take exception to the counsel repeat-
edly referring to that as 'this murder.'

"*The Court:* In what particular?

"*Mr. Doetsch:* As improper and prejudicial.

"*The Court:* Why?

"*Mr. Legg* (counsel for defendant): It is for the jury
to say whether or not it was a murder.

"*Mr. Eaman* (assistant prosecuting attorney): Was
it an accident?

"*The Court:* Is there any question in your mind but
what Warren was murdered on the night in question?

"*Mr. Doetsch:* There is a question.

"*The Court:* No; I think that has been determined,
McGrath— That matter was determined; I do not think
there is anything prejudicial about that."

Thereafter, during the course of the trial, the prose-
cutor and court treated the question of whether or not
Warren was in fact murdered as already decided by the
verdict of the jury in the case where McGrath was con-

victed. So far as McGrath was concerned this was unquestionably true. But we think the respondent had a right to the verdict of the jury impaneled to try him upon the question of whether or not a murder had been committed, as well as whether he was the man who fired the fatal shot. The assumption, therefore, by the prosecuting attorney and the court that the respondent was foreclosed as to the fact of a murder having been committed, and the disclosure of this attitude to the jury, was prejudicial error. *People* v. *Moyer*, 77 Mich. 571. See, also, *Pharr* v. *State*, 10 Tex. App. 485; *State* v. *Washington*, 30 La. Ann. 49; *Copeney* v. *State*, 10 Tex. App. 473; *Parks* v. *State*, 59 Ga. 879.

2. The second assignment relates to the form of the verdict as accepted and recorded by the court, and the sentence based upon such verdict. The information was as follows:

"In the name of the people of the State of Michigan, George F. Robison, prosecuting attorney in and for said county of Wayne, who prosecutes for and on behalf of the people of said State in said court, comes now here in said court, in the September term thereof, A. D. 1907, and gives the said court here to understand and be informed that Charles Clark, late of said city of Detroit, heretofore, to wit, on the 28th day of October, in A. D. 1902, at the said city of Detroit, in the county aforesaid, with a certain dangerous weapon, to wit, a revolver pistol, feloniously did commit an assault in and upon one Horton Warren, in the peace of the people of the State of Michigan, then and there being, and with the said dangerous weapon aforesaid, did then and there inflict in and upon the said Horton Warren a mortal wound, of which said mortal wound the said Horton Warren did languish, and languishing did live until the 29th day of October, 1902, on which said 29th day of October, 1902, the said Horton Warren, at the said city of Detroit, in said county and State, of said mortal wound, died; and so the said Charles Clark, in manner and form aforesaid, the said Horton Warren, feloniously, wilfully, and of his malice aforethought did kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The plea was "not guilty." The verdict was "guilty as charged." The defendant was sentenced to be confined in the State prison in the city of Jackson for the remainder of his life. Section 11472, 3 Comp. Laws, reads as follows:

"The jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain in their verdict, whether it be murder of the first or second degree; but if such person shall be convicted by confession, the court shall proceed by examination of witnesses to determine the degree of the crime, and shall render judgment accordingly."

The trial judge in his charge instructed the jury as follows:

"You understand there is no manslaughter, no murder in the second degree, here. This defendant is either guilty of murder in the first degree, or he is not guilty of the crime charged."

It is claimed by the people that under this charge of the court the jury by their verdict of "guilty as charged" must have intended to find the respondent guilty of murder in the first degree. The statute above quoted has been directly passed on in the case of *Tully* v. *People*, 6 Mich. 273, where the court said:

"The statute is imperative that the jury in their verdict, or the court on plea of guilty, shall determine the degree of crime."

See, also, *People* v. *Hall*, 48 Mich. 484; *People* v. *Repke*, 103 Mich. 459. It is apparent that the failure of the jury to fix the degree of the crime is therefore fatal.

Other errors are assigned; but, as it is improbable that they will arise upon a new trial, we do not consider them.

For the errors pointed out, the verdict is set aside, the prisoner remanded, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.