PEOPLE v. LITTLE.

1. CRIMINAL LAW—FELONY—RECEPTION OF VERDICT.

The reception of the verdict in a case of felony is a judicial act which cannot be delegated by the presiding judge to another person even with the consent of the parties as the judge is an essential part of the court and there can be no court in his absence (3 Comp. Laws 1929, § 17130).

2. SAME—RECEPTION OF VERDICT—ABSENCE OF JUDGE.

Verdict of guilty in trial of charge of statutory rape that was received at 9 p.m. by court clerk in presence of defendant but absence of judge, jury released and ordered to report the next morning, was void, and entitled defendant to new trial but not a discharge, the statutory direction that the verdict be accepted by the court being mandatory; notwithstanding statute prohibiting the granting of a new trial for procedural errors unless it affirmatively appears that a miscarriage of justice resulted (3 Comp. Laws 1929, §§ 17130, 17354; Act No. 328, § 520, Pub. Acts 1931).

Appeal from Genesee; Elliott (Philip), J. Submitted April 30, 1943. (Docket No. 93, Calendar No. 41,702.) Decided May 19, 1943.

John Little was convicted of statutory rape. Reversed and new trial granted.

*Roach & Bean,* for appellant.

*Herbert J. Rushton,* Attorney General, *Stephen J. Roth,* Prosecuting Attorney, and *Jerome D. Winegarden,* Assistant Prosecuting Attorney, for the people.

STARR, J. Defendant was arrested and charged with the crime of statutory rape upon a 12-year-old

female child (Act No. 328, § 520, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788]). Upon jury trial he was convicted and was given a prison sentence of from 4 to 10 years. His motion for a new trial was denied, and, having obtained leave, he appeals.

It appears that after deliberating for several hours, the jury returned to the court room about 9 o'clock in the evening of May 26, 1941, and that neither the trial judge nor defendant's counsel was present.. In the absence of the judge the clerk of the court took the jury's verdict of guilty as charged and released the jury, ordering them to report the next morning. Defendant was personally present in the court room at the time such verdict was taken by the clerk. The following day the conviction was entered in the court records.

Both in his motion for a new trial and on this appeal defendant contends that the verdict was void because accepted by the clerk of the court in the absence of the trial judge. Section 17130, 3 Comp. Laws 1929 (Stat. Ann. § 28.855), provides:

"No person charged with an offense shall be convicted thereof unless by confession of his guilt in open court or by admitting the truth of the charge against him or after trial by the court or *by the verdict of a jury accepted and recorded by the court.*"

The question presented is whether or not, under the above-quoted statute, the clerk of the court could accept the jury's verdict in the absence of the trial judge. So far as we can ascertain, this precise question has not been determined in this State in a criminal case. In 27 R. C. L. pp. 840, 841, §§ 11, 13, it is stated:

"If the jury in a criminal case return a verdict to the clerk of the court after it has adjourned for the day, without the consent of the accused, and there-

upon disband and go home, and the verdict is entered the next day and the jury discharged, such reception of the verdict and discharge of the jury are improper.  *   *   *

"The reception of the verdict in a case of felony is a judicial act, which cannot be delegated. After the retirement of the jury to deliberate and until a verdict is rendered, or the jury discharged in due course of the law, it is the duty of the presiding judge to be where he can respond to any call for the exercise of his judicial authority, and thus give protection and security to all parties interested or concerned in the result of the trial, and he cannot delegate these judicial functions to another, even with the consent of the parties.  *   *   *   The reason for the rule is that as the judge is an essential part of the court, there can be no court in his absence. It follows, therefore, that the clerk cannot be authorized to receive the verdict in the absence of the judge."

"The reception of a verdict is clearly a judicial act, and authority to receive it cannot be delegated." *State* v. *Jackson,* 21 S. D. 494, 498 (113 N. W. 880, 16 Ann. Cas. 87).

See, also, *Allen* v. *State,* 13 Okla. Crim. 533 (165 Pac. 745, L. R. A. 1917 E, 1085) ; *Quinn* v. *State,* 130 Ind. 340 (30 N. E. 300) ; *McClure* v. *State,* 77 Ind. 287.

We are mindful of 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096), providing, in substance, that no verdict shall be set aside or a new trial granted in any criminal case for error as to any matter of pleading or procedure unless it shall affirmatively appear that a miscarriage of justice has resulted. However, we believe the above-quoted statute (3 Comp. Laws 1929, § 17130) mandatorily requires the verdict of the jury in a criminal case to be "accepted and recorded by the court." To disregard

such statute and permit jury verdicts to be accepted in the absence of the trial judge, by the clerk or other officer of the court, would open the door to possible irregularities which such statute was clearly designed to prevent. The cases of *Trudell* v. *Pearll,* 219 Mich. 514, and *Miller* v. *Young,* 196 Mich. 276, cited by plaintiff, were both civil suits and involved the validity of jury verdicts accepted by the court clerk, in the absence of the trial judge, in pursuance of an agreement between counsel. Such decisions are not determinative of the question before us in the present criminal case.

We conclude that the jury verdict in the present case was void. Such void verdict does not entitle defendant to his discharge but requires a new trial. *People* v. *Allen,* 252 Mich. 553; *People* v. *Clark,* 155 Mich. 647; 1 Gillespie, Michigan Criminal Law and Procedure, p. 676, § 568.

In view of our conclusion other questions raised by defendant do not require consideration.

The judgment of guilty is reversed and a new trial granted.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.