## PEOPLE v. SIMON.

1. CONSTITUTIONAL LAW—CONSTITUTION OF THE UNITED STATES—BILL OF RIGHTS.

   Prior to the adoption of the Fourteenth Amendment to the Constitution of the United States the Fifth Amendment did not apply to the States.

2. SAME—CRIMINAL LAW—DUE PROCESS.

   The due process clause of the Fourteenth Amendment to the Constitution of the United States does not force upon the States a uniform code of criminal procedure and, while it commands the States to assure fair judgment, procedural details for securing fairness is left to the States.

3. CRIMINAL LAW—INFORMATION—CONSTITUTIONAL LAW.

   The State Constitution leaves the subject of providing for criminal prosecution free to legislative control, permitting it to institute criminal prosecutions by information (3 Comp. Laws 1929, § 17215).

4. CONSTITUTIONAL LAW—SUPREME COURT OF THE UNITED STATES—STATE SUPREME COURT.

   In consideration of Federal constitutional questions, a State supreme court is bound by what a majority of the supreme court of the United States has heretofore held, not by speculations as to what it may do in the future.

5. CRIMINAL LAW—QUASHAL OF INFORMATION.

   Quashal of information and discharge of defendant, charged with murder, because defendant had not been charged by grand-jury indictment, was error as the prosecution of

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am. Jur., Constitutional Law, § 567.
[4] 14 Am. Jur., Courts, §§ 117, 119.
[5] 26 Am. Jur., Homicide, § 245; 27 Am. Jur., Indictments and Informations, § 6.
[6] 39 Am. Jur., New Trial, § 125; 53 Am. Jur., Trial, § 1021.
[8] 26 Am. Jur., Homicide, § 571.

crime ·by a State need not be confined to method pursued by the Federal authorities.

6. SAME—TAKING VERDICT OF JURY IN ABSENCE OF THE TRIAL COURT.
   The taking of the verdict of the jury by the court clerk in the absence of the trial judge is void and entitles the defendant to a new trial.

7. SAME—PRESENCE OF TRIAL COURT WHEN JURY RETURNS VERDICT.
   The purpose of requiring the trial court to be present to receive the verdict of a jury in a criminal case is to prevent possible irregularities (3 Comp. Laws 1929, § 17130).

8. SAME—MURDER—FAILURE OF JURY TO DETERMINE DEGREE.
   Where information charged defendant with murder without specifying the degree and the verdict of the jury was that defendant was guilty as charged, the jury failed in its statutory duty to ascertain the degree and the verdict is fatally defective (3 Comp. Laws 1929, § 16710).

Appeal from Wayne; Miller (Guy A.), J. Submitted January 13, 1949. (Docket No. 72, Calendar No. 44,009.) Decided April 11, 1949.

Peter Simon was convicted of murder. On motion for new trial, conviction was set aside and information quashed. The people appeal. Defendant cross-appeals. Reversed and new trial granted.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,* Prosecuting Attorney, and *Robert Newton Smiley* and *Herbert Burdick,* Assistants Prosecuting Attorney, for the people.

*Frank P. Darin (Frank L. Amprim,* of counsel), for defendant.

DETHMERS, J. Does the provision of the Fifth Amendment to the Constitution of the United States that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a pre-

sentment or indictment of a Grand Jury," apply to criminal prosecutions by States? That the Fifth Amendment did not apply to the States before the adoption of the 14th Amendment is clear. *Barron* v. *Mayor & City Council of Baltimore,* 7 Peters (32 U. S.) 243 (8 L. Ed. 672 [1833]) ; *Twitchell* v. *Commonwealth,* 7 Wall. (74 U. S.) 321 (19 L. Ed. 223 [1868]).

Does the 14th Amendment serve to make the quoted provision of the Fifth Amendment applicable to prosecutions by States for capital or infamous crimes? This was expressly answered in the negative by the supreme court of the United States in *Hurtado* v. *California,* 110 U. S. 516 (4 Sup. Ct. 111, 28 L. Ed. 232). To date a majority of that court has not specifically answered it to the contrary. We recognize, with the trial court, that the *Hurtado Case* is an old one, dating back to 1883, and are not unaware that a change has since taken place in the complexion of the United States supreme court; that four members of that court, as now constituted, have expressed a definite commitment to the proposition that all the provisions of the first eight amendments are made applicable to the States by the 14th; and that, as would appear from language employed in *Everson* v. *Board of Education of Township of Ewing,* 330 U. S. 1 (67 Sup. Ct. 504, 91 L. Ed. 711, 168 A. L. R. 1392) and *People of the State of Illinois, ex rel. McCollum,* v. *Board of Education,* 333 U. S. 203 (68 Sup. Ct. 461, 92 L. Ed. 648, 2 A. L. R. [2d] 1338), all the members take that view of the operation of the 14th Amendment as relates to the guaranty of religious freedom contained in the First Amendment. Although it is said in those 2 cases that the 14th Amendment makes the First Amendment apply to the States, the picture is confusing as relates to the guaranty of freedom of speech and of the press inasmuch as the majority of the court

in cases passing on that precise question appear to hold that these are guaranteed by the due process clause of the 14th Amendment against State action only because such rights are fundamental personal rights and liberties inherent in due process, of which the provisions of the First Amendment are but declaratory, rather than because they are provided for in the First Amendment and, for that reason, made applicable to the States by the 14th. See *Gitlow* v. *New York,* 268 U. S. 652 (45 Sup. Ct. 625, 69 L. Ed. 1138); *Schneider* v. *Town of Irvington,* 308 U. S. 147 (60 Sup. Ct. 146, 84 L. Ed. 155); *Near* v. *Minnesota, ex rel. Olson,* 283 U. S. 697 (51 Sup. Ct. 625, 75 L. Ed. 1357); *Thornhill* v. *Alabama,* 310 U. S. 88 (60 Sup. Ct. 736, 84 L. Ed. 1093); *Bridges* v. *California,* 314 U. S. 252 (62 Sup. Ct. 190, 86 L. Ed. 192, 159 A. L. R. 1346). It may well be concluded that the view of the majority as relates to the guaranty of religious freedom is predicated on that same theory. If this conclusion be correct, it may be said that at no time has a majority of the United States supreme court subscribed to the theory that the 14th Amendment makes any of the first 8 amendments applicable to the States, although the subject matter of some of them may relate to human rights and liberties so fundamental as to be inherent in due process guaranteed by the 14th Amendment. An examination of the opinions of that court would seem to warrant such statement.

In *Weeks* v. *United States,* 232 U. S. 383 (34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177), it was held that the 14th Amendment does not make applicable to the States the Fourth Amendment's safeguard against unreasonable searches and seizures. In *Twining* v. *New Jersey,* 211 U. S. 78 (29 Sup. Ct. 14, 53 L. Ed. 97 [1908]), and in *Adamson* v. *California,* 332 U. S. 46 (67 Sup. Ct. 1672, 91 L. Ed. 1903 [1947], 171 A. L. R. 1223),

it was held that the 14th Amendment does not make the Fifth Amendment's exemption from compulsory self-incrimination applicable to trials in State courts. In *Palko* v. *Connecticut,* 302 U. S. 319 (58 Sup. Ct. 149, 82 L. Ed. 288), it was held that the Fifth Amendment's immunity against double jeopardy was not made by the 14th Amendment to apply to prosecutions by the States. In *West* v. *Louisiana,* 194 U. S. 258 (24 Sup. Ct. 650, 48 L. Ed. 965), it was similarly held concerning the right conferred by the Sixth Amendment upon an accused in all criminal prosecutions to be confronted with the witnesses against him. In *Betts* v. *Brady,* 316 U. S. 455 (62 Sup. Ct. 1252, 86 L. Ed. 1595) and *Bute* v. *Illinois,* 333 U. S. 640 (68 Sup. Ct. 763, 92 L. Ed. 986), the majority held that the 14th Amendment does not make the Sixth Amendment's provision for the right of an accused to have the assistance of counsel for his defense applicable to criminal proceedings in State courts (four Justices dissenting) although assistance of counsel in State courts may, nevertheless, under certain circumstances, be so vital to and essentially a part of the fundamental personal rights and liberties inherent in due process that a denial of or failure to provide counsel may, in such instances, constitute a violation of the due process clause of the 14th Amendment. See *DeMeerleer* v. *Michigan,* 329 U. S. 663 (67 Sup. Ct. 596, 91 L. Ed. 584), and cases therein cited. In *Walker* v. *Sauvinet,* 92 U. S. 90 (23 L. Ed. 678), it was held that the 14th Amendment does not make the guaranty of a trial by jury in suits at common law, provided for in the Seventh Amendment, applicable to trials in State courts. In *Carter* v. *Illinois,* 329 U. S. 173 (1946) (67 Sup. Ct. 216, 91 L. Ed. 172), a majority of the court said:

"But the due process clause has never been perverted so as to force upon the 48 States a uniform code of criminal procedure. Except for the limited scope of the Federal criminal code, the prosecution of crime is a matter for the individual States. The Constitution commands the States to assure fair judgment. Procedural details for securing fairness it leaves to the States. It is for them, therefore, to choose the methods and practices by which crime is brought to book, so long as they observe those ultimate dignities of man which the United States Constitution assures."

As recently as 1948, a majority of the United States supreme court said:

"After exhaustive consideration of the subject, this court has decided that the Fourteenth Amendment does not, through its due process clause or otherwise, have the effect of requiring the several States to conform the procedure of their State criminal trials to the precise procedure of the Federal courts, even to the extent that the procedure of the Federal courts is prescribed by the Federal Constitution or Bill of Rights. There is nothing in the Fourteenth Amendment specifically stating that the long recognized and then existing power of the States over the procedure of their own courts in criminal cases was to be prohibited or even limited. Unlike the Bill of Rights, the Fourteenth Amendment made no mention of any requirement of grand jury presentments or indictments as a preliminary step in certain criminal prosecutions." *Bute* v. *Illinois, supra.*

In the case of *In re Palm,* 255 Mich. 632, we held that the Constitution of the State of Michigan left the subject free to legislative control, that the legislature rightly could and did provide for criminal prosecutions by information (3 Comp. Laws 1929,

§ 17215 * [Stat. Ann. § 28.941]) and that such procedure constitutes due process of law. Application to the United States supreme court for certiorari was denied March 21, 1932. *Palm* v. *Jackson,* 285 U. S. 547 (52 Sup. Ct. 409, 76 L. Ed. 938).

The trial judge, after deploring what he conceives to be a trend in opinions of the United States supreme court toward holding that the 14th Amendment makes the first 8 applicable to the States, says that he sees no distinction between the First Amendment and the next 7 and that the United States supreme court has pointed out none which affords any basis for holding that the 14th makes the First Amendment applicable to the States, but not the next 7. He concluded, therefore, that if the First Amendment is applicable to the States then, under the reasoning of the United States supreme court in cases so holding, the other 7 must be and that a majority of that court would now so hold as relates to the grand-jury provision of the Fifth Amendment. In consequence, he entered an order vacating the conviction for murder, quashing the information and discharging the defendant because he had been proceeded against by information and not by grand-jury indictment. The people appealed.

We hold the trial court in error in quashing the information and discharging the defendant. We are not persuaded that we are, as yet, constrained by the relevant holdings of a majority of the United States supreme court to hold that the Fifth Amendment applies to the States. In consideration of Federal constitutional questions we are bound by what a majority of that court has heretofore held, not by speculations as to what it may do in the future. In that connection, our views are perhaps best expressed by the words of Mr. Justice Holmes in *Baldwin* v. *Missouri,*

---

* 4 Comp. Laws 1948, § 767.1.—Reporter.

281 U. S. 586, 595 (50 Sup. Ct. 436, 74 L. Ed. 1056, 72 A. L. R. 1303), as follows:

"I have not yet adequately expressed the more than anxiety that I feel at the ever increasing scope given to the Fourteenth Amendment in cutting down what I believe to be the constitutional rights of the States. As the decisions now stand, I see hardly any limit but the sky to the invalidating of those rights if they happen to strike a majority of this court as for any reason undesirable. I cannot believe that the Amendment was intended to give us carte blanche to embody our economic or moral beliefs in its prohibitions."

The verdict of the jury was taken by the court clerk in the absence of the trial judge and was, for that reason, void, entitling defendant to a new trial. *People* v. *Little,* 305 Mich. 482. This point was raised by a motion for a new trial, denied shortly after the verdict in 1932. It was not raised in like motions filed in 1947 which precipitated the order from which the people take this appeal. However, the question, going to the validity of the verdict, is before us on the record and we therefore dispose of it. *Mitchell* v. *Reolds Farms Co.,* 255 Mich. 240. In *People* v. *Little, supra,* we said that the statute requiring the verdict of a jury in a criminal case to be "accepted and recorded by the court" (3 Comp. Laws 1929, § 17130* [Stat. Ann. § 28.855]) was "clearly designed to prevent" "possible irregularities." The instant case is an illustration. The journal entry of the verdict states that "the jury * * * find the said respondents * * * guilty as charged (murder first degree) in manner and form as the said people have in their information in this cause charged." The information charged murder without specifying the degree. Did the jury find the defendant guilty

---

* 4 Comp. Laws 1948, § 763.2.—Reporter.

of murder in the first degree or "guilty as charged?" From the record we cannot tell. If the latter, then the jury failed of its statutory duty to ascertain the degree (3 Comp. Laws 1929, § 16710 *) and the verdict would be fatally defective. *People* v. *Clark,* 155 Mich. 647. Thus is demonstrated the wisdom of the statutory requirement that the verdict shall be accepted by the court.

The order quashing the information and discharging defendant is reversed, the sentence vacated and conviction set aside, and the cause remanded for a new trial.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.

---

* See 4 Comp. Laws 1948, § 750.318 (Stat. Ann. 1947 Cum. Supp. § 28.550).—REPORTER.