John Douglas MOORE, Petitioner,

v.

Raymond J. BUCHKOE, Warden, State House of Correction and Branch Prison, Marquette, Michigan, Respondent.

Civ. A. No. 650.

United States District Court
W. D. Michigan, N. D.

July 29, 1958.

John Douglas Moore, in pro. per.

Paul L. Adams, Atty. Gen., for respondent.

KENT, District Judge.

This matter is before the Court on petitioner's application for a writ of habeas corpus, the answer of the respondent, the traverse of the petitioner, and petitioner's affidavit of bias and prejudice with an alternative motion requesting the Court to determine the matter without holding a hearing.

█ We shall take up first the matter of disqualification of this judge to dispose of this case. We are satisfied that the allegations are without merit. In Brown v. Buchkoe, 6 Cir., 1957, 244 F.2d 865, in an appeal from this Court a claim for disqualification was made, similar to that submitted by the petitioner in this case. The Court of Appeals, speaking per curiam at page 866 of 244 F.2d, said:

"As to petitioner's contention that the trial judge was prejudiced and biased because he had never granted applications for writs of habeas corpus filed by inmates of the state prison at Marquette, there is no merit to the claim that a judge of a United States District Court may be disqualified on the basis of his decisions in other cases."

Therefore this court refuses to disqualify itself.

Petitioner and his brother were charged jointly with homicide committed in the course of an armed robbery. Petitioner's brother appealed his conviction. People v. Moore, 306 Mich. 29, 10 N.W.2d 296, and the conviction was affirmed. It is interesting to note that the opinion of the Supreme Court of Michigan affirming the conviction of Cameron Moore was written by "Starr, J.", who is now Chief Judge of this Court.

Petitioner alleges that he filed a delayed motion for a new trial which was denied; that he sought leave to appeal to the Supreme Court of Michigan which was denied, and that because of the delay of his trial counsel he was not given the necessary papers in time to make timely application to the United States Supreme Court for a writ of certiorari.

There is no claim on the part of the respondent that petitioner has failed to comply with the terms of the statute, 28 U.S.C.A. § 2254, which is as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

██ It is settled law that the requirement that there be an application for a writ of certiorari to the Supreme Court of the United States is not an absolute requirement and may be disregarded where the court feels that the facts and circumstances explain the failure to apply for such writ. Sims v. Alvis, 6 Cir., 242 F.2d 506, 507; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. As requested by the petitioner this court will therefore consider the petition on its merits.

In People v. Moore, 306 Mich. 29, 32, 10 N.W.2d 296, the Supreme Court of Michigan, speaking through Justice Starr, stated in regard to petitioner and his brother:

"They were tried by jury, and both were convicted of first-degree murder and sentenced to life imprisonment."

From the pleadings it appears that the jury in the trial court was instructed

that there were two available verdicts, murder in the first degree or not guilty. They were instructed that they might bring in a verdict of guilty as charged or not guilty. And the Supreme Court of Michigan in People v. Moore, 306 Mich. 29, 38, 10 N.W.2d 296, 299, stated:

"We have examined the instructions given the jury and find no reversible error therein. Other errors assigned and questions presented by defendant do not merit consideration. We find no error resulting in a miscarriage of justice."

There is authority in Michigan which would indicate that there was error in the instructions and that the jury was obligated to determine the degree of murder. People v. Clark, 155 Mich. 647, 119 N.W. 1094; People v. Simon, 324 Mich. 450, 36 N.W.2d 734. However, in the case of In re Eckart, 166 U.S. 481, 17 S.Ct. 638, 41 L.Ed. 1085, the same issue was before the Supreme Court of the United States. In this instance it was exercising its original jurisdiction in considering the application for a writ of habeas corpus. The petitioner Eckart was convicted in the State of Wisconsin and sentenced for first-degree murder. He claimed that the sentence was void because the verdict failed to specify the degree of murder. The Supreme Court of the United States, 166 U.S. at page 482, 17 S.Ct. at page 638, said:

"It has been held by the supreme court of Wisconsin that, under the statutes of that state, an allegation of the commission of crime in language such as was employed in the information upon which Eckart was tried would justify a conviction of murder in either the first, second, or third degree, and it has also been there held that the jury must find the degree in their verdict in order that the court may impose the proper punishment. * * *."

The same provision may be found in M. S.A. § 28.550. The Supreme Court further said:

"In its decision refusing the writ applied for by Eckart, the supreme court of Wisconsin held that while the conviction under the sentence in question was erroneous, the error in passing sentence was not a jurisdictional defect, and the judgment was therefore not void. In this view we concur. The court had jurisdiction of the offence charged and of the person of the accused. The verdict clearly did not acquit him of the crime with which he was charged, but found that he had committed an offence embraced within the accusation upon which he was tried. It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict, and to construe its legal meaning, and if, in so doing, he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offence charged, it was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of *habeas corpus.*"

See also Ex parte Jones, D.C.Wash.1951, 100 F.Supp. 598, 600, where the court held:

"It may be well to point out that the only purpose of habeas corpus is to furnish a remedy by which persons can find relief when incarcerated for a crime where the committing court was without jurisdiction, and it is not, and never was intended as, a means to relieve persons who are guilty and have been duly convicted of crime, from paying the just penalty therefor."

■ In view of the decision of the Supreme Court of the United States in In re Eckart, supra, this court is satisfied that the petitioner has not set forth any grounds for relief. The application for writ of habeas corpus is denied.