PEOPLE *v.* DUPUIS.

1. HOMICIDE—ROBBERY—MURDER IN THE FIRST DEGREE.

A verdict of "guilty as charged" in prosecution of appellant and others for murder, committed in the course of an armed robbery, without specifying the degree thereof, is not invalid, where the information charged murder contrary to section of statutes confined to a definition of murder in the first degree, the jury was instructed that the provision for murder committed in the course of a robbery was applicable, that the jury must find the defendants also guilty of armed robbery in order to find them guilty of murder in the first degree, and that the defendants were in court "to answer the charge of first-degree murder" and omitted any charge as to second-degree murder or any lesser included offense (CL 1948, § 750.316).

2. SAME—ROBBERY—MURDER IN THE FIRST DEGREE.

Murder committed in the course of a robbery is murder in the first degree (CL 1948, § 750.316).

3. SAME—MURDER IN THE FIRST DEGREE—VERDICT.

The announcement by the jury of a verdict of guilty of the sole crime charged, murder in the first degree, was an ascertainment that defendant was guilty of murder in the first degree and constitutes a valid verdict (CL 1948, § 750.316).

Appeal from Oakland; Dondero (Stanton G.), J. Submitted October 8, 1963. (Calendar No. 1, Docket No. 50,200.) Decided November 4, 1963.

Basil Dupuis was convicted of murder in the first degree. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 26 Am Jur, Homicide § 571.
[2] 26 Am Jur, Homicide §§ 38, 39, 192.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George F. Taylor,* Prosecuting Attorney, and *Robert L. Templin,* Assistant Prosecuting Attorney, for the people.

*Weller, Summer & Feder* (*Morris Weller,* of counsel), for defendant.

Dethmers, J. Defendant appeals from an order denying his motion for new trial which he based on alleged invalidity of the verdict.

The jury returned a verdict finding defendant "guilty as charged". The information on which he was tried charged that defendant, and others who were codefendants, "feloniously, wilfully and of their malice aforethought, did kill and murder one Alfred Jones, contrary to section 316, of Act 328 of the Public Acts of 1931, as amended." (CL 1948, § 750.316 [Stat Ann 1954 Rev § 28.548].) Said section 316 provides that "All murder * * * which shall be committed in the perpetration, or attempt to perpetrate * * * robbery * * * shall be murder in the first degree." The next succeeding section, 317, defines as second-degree murder all other murder not included in section 316. The proofs showed that the killing of Alfred Jones undisputedly was committed in the perpetration of a robbery. The court, after reading the language of section 316 to the jury, instructed them that the latter portion thereof, relating to a killing committed in the perpetration of a robbery, pertained to this case, that it was that statutory provision under which the information in this case was filed and, finally, that in order to find defendants guilty of murder in the first degree the jury must find them also guilty of robbery armed, failing which they could not find them guilty of murder in the first degree. The court did not charge as to second-de-

gree murder or permit the case to go to the jury on that or any lesser included offense, but instructed them that, "The respondents are here in court to answer the charge of first-degree murder."

Section 318 of the mentioned act provides that if a jury finds a defendant guilty of murder, they shall "ascertain in their verdict, whether it be murder of the first or second degree." This statutory requirement has been recognized or upheld and given effect in a number of cases decided by this Court, some holding verdicts not in compliance therewith invalid.

In *Tully* v. *People,* 6 Mich 273, defendants were indicted for murder. The indictment contained 2 counts, charging murder as at common law. The jury returned a verdict of guilty as charged. It left open to question the offense of which defendants were convicted. This Court reversed because the jury did not observe the statutory mandate of determining the degree of murder.

*People* v. *Potter,* 5 Mich 1 (71 Am Dec 763), is not directly in point, but in reversing for failure of the trial court to properly instruct the jury concerning degree of murder, this Court, in passing, alluded to the statutory requirement that the jury determine the degree.

*People* v. *Hall,* 48 Mich 482 (42 Am Rep 477), was a case of murder by poisoning. It was held that it was a case of murder in the first degree under the statute, and that the jury should have been so instructed. The jury was not so instructed in that case, the information did not charge the degree of the murder or the manner of its commission and the jury did not find the degree. Stressing that the jury did not find it murder in the first degree, it was held error to impose sentence as for first-degree murder.

*People* v. *Repke,* 103 Mich 459, contains a statement in this Court's opinion that it is the duty of

the jury to find the degree of murder in their verdict, but this Court held that it did not constitute an invasion of that jury duty for the court to instruct that they should find defendant either guilty of murder in the first degree or not guilty. The jury found defendant guilty of murder in the first degree.

In *People* v. *Clark,* 155 Mich 647, the information charged defendant with murder without specifying the degree or manner of its perpetration. The trial judge instructed the jury that defendant was either guilty of murder in the first degree or not guilty of the crime charged, and that there was no murder in the second degree or manslaughter in the case. The jury found "guilty as charged". This Court reversed because, *inter alia,* the jury did not determine the degree of murder. Despite the trial court's instructions as above mentioned, the information and the charge it contained was not definite or specific so the degree of murder the jury had found could be ascertained from a verdict of "guilty as charged".

In *People* v. *Treichel,* 229 Mich 303, where the information charged murder in common law terms without alleging the degree, manner or means employed, this Court held that it was not error for the court to refuse to charge that only murder in the first degree could be found because, as this Court said, second-degree murder and also manslaughter, of which defendants were convicted, were included offenses. This, the defendant here says, supports his contention that a charge of wilful murder with malice aforethought does not charge first-degree murder exclusively, but leaves room for a finding of second-degree murder, and, hence, a verdict of guilty of such charge does not determine the degree of murder found.

Defendant urges *Attorney General* v. *Recorder's Court Judge,* 341 Mich 461, as controlling and re-

quiring reversal in this case. In that case we said that (p 469):

"The information filed against Wruble charged 'murder' without specifying the degree, and the only intimation that first-degree murder may have been charged is the statutory reference at the foot of the information, which reads: 'See 316 MPC 1931'."*

This Court then proceeded on the theory, as above stated, that the information "charged 'murder' without specifying the degree" and said "The situation here is analogous to that in *People* v. *Simon,* 324 Mich 450." In *Simon* (p 457) we had said, "The information charged murder without specifying the degree" and that, accordingly, from the jury's finding of "guilty as charged" we could not tell whether murder in the first degree was found by the jury. Accordingly, in *Attorney General* v. *Recorder's Court Judge, supra,* we held that a verdict of "guilty as charged" in that case, as in *Simon,* was not determinative of the degree of murder because the charge did not specify it.

How do decisions in the above cases apply to the facts in the case at bar? In *Tully* there was an open charge of murder which did not specify the degree or manner or means of its perpetration. In the case at bar, by contrast, the information charged that the murder was committed contrary to said section 316, which defines only first-degree murder. *Potter* did not decide the point here involved. *Hall* was another case in which there was nothing in the information to indicate the degree of murder charged, and the jury failed to determine the degree by their verdict. This Court, in *Repke,* affirmed the jury's verdict expressly convicting defendant of murder in the first degree. Hence, the point before

---

* Michigan penal code, PA 1931, No 328, § 316 (CL 1948, § 750.316 [Stat Ann 1954 Rev § 28.548]).—REPORTER.

us was not decided nor did it need to be in that case. The *Clark Case* was also one in which the degree of murder or manner of its perpetration was not stated in the information. The same situation obtained as to the information in *Treichel,* in which, in addition, the proofs permitted of a finding of second-degree murder or manslaughter. The information in *Simon* was of like character to those in the cases just considered. That was also true of the information in *Attorney General* v. *Recorder's Court Judge, supra,* except for the statement at the foot of the information "See 316 MPC 1931". This Court said of this quoted language that it was "the only intimation that first-degree murder may have been charged" but held that the information did not actually specify the degree, and, therefore, a verdict of guilty as charged did not constitute a jury finding of the degree of murder. Clearly, in none of these cases did this Court pass on the validity of a verdict of "guilty as charged" based on an information, as here, charging murder committed contrary to said section 316, the language of which is confined to definition of murder in the first degree.

It is obvious that this Court, in those of the above considered cases requiring decision of the question, has held that it is the duty of the jury, as required by the statute, in returning a verdict of guilty of murder, to ascertain therein "whether it be murder of the first or second degree". Manifestly, the purpose of the statute and said holdings has been to eliminate uncertainty as to whether the jury actually has found a defendant guilty of murder in the first degree. The question at bar, then, is "Did the jury ascertain in their verdict that defendants were guilty of murder in the first degree?"

The information here did not merely charge defendants with murder, but charged that it was committed contrary to section 316 which defines murder

in the first degree only, leaving it to section 317 to define murder in the second degree. Not in point is language in the dissenting opinion in *People* v. *Netzel,* 295 Mich 353, in which the information, charging felonious assault, was worded in the language of the section of the statute defining felonious assault (CL 1948, § 750.82 [Stat Ann 1962 Rev § 28.277]), but concluded with an erroneous numerical reference to CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279), which makes it a felony to assault another with intent to do great bodily harm less than murder. The reference to the section number was said, in that dissenting opinion (p 355), to be "mere surplusage" because "the language of the information clearly informed defendant of the charge against him." Here, instead of conflict between language of the charge and the section number reference, as in *Netzel,* the language of the information charged murder and the allegation that it was done contrary to section 316 made it more specific, to charge murder in the first degree. Defendant-appellant, represented by able counsel at trial, was thus duly informed and apprised by the information that he was charged with first-degree murder. At trial the undisputed proofs showed that the murder was committed in the perpetration of a robbery. Under this statute the murder was, therefore, first-degree murder. Consequently, in the appeal of 1 of the codefendants, *People* v. *Hearn,* 354 Mich 468, this Court held that the trial judge was not in error in refusing defendant's request to charge as to included offenses and in limiting jury consideration to murder in the first degree. In his instructions the trial judge told the jury that defendant was "in court to answer the charge of first-degree murder". He also read section 316 of the act to the jury and told them that the information in this case was filed under that statute and that the portion thereof pertinent to this case

was the latter part defining as first-degree murder all murder committed in the perpetration of a robbery. Thus not only the defendant but, equally, the jury was instructed and informed in plain and unmistakeable language that the charge against the defendants was murder in the first degree. Thus is this case to be distinguished from *Attorney General* v. *Recorder's Judge, supra,* in which this Court said that the information contained "only intimation that first-degree murder may have been charged." Here the information did not merely intimate that it may have been, but, on the contrary, it expressly charged murder committed in violation of the statutory provision, read to the jury, constituting murder committed in the perpetration of a robbery murder in the first degree. By announcement of a verdict of guilty of that charge, the jury did "ascertain in their verdict" that defendant was guilty of murder in the first degree.

The verdict was valid. The motion for new trial was properly denied. Affirmed.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.