Richard SAUNDERS, Petitioner-Appellant,

v.

Raymond J. BUCKHOE, Warden, State House of Correction and Branch Prison, Marquette, Michigan, Respondent-Appellee.

No. 16029.

United States Court of Appeals
Sixth Circuit.

June 10, 1965.

Richard Saunders, in pro. per.

Frank J. Kelley, Atty. Gen., Geo. E. Mason, Asst. Atty. Gen., James R. Ramsey, Acting Sol. Gen., Lansing, Mich., for appellee.

Before MILLER and EDWARDS, Circuit Judges, and MACHROWICZ, District Judge.

PER CURIAM.

The defendant, Richard Saunders, was found guilty by a jury in the Macomb County Circuit Court of Michigan of assault with intent to commit armed robbery. The prosecution in the state court was under an information filed by the prosecuting attorney rather than under an indictment by a grand jury. He received a sentence of life imprisonment on September 20, 1939. His application for leave to appeal was denied by the Michigan Supreme Court on February 16, 1948. His motion for reconsideration was denied on January 14, 1949.

The present petition for writ of habeas corpus was filed in the United States District Court. Following hearings on January 18 and April 17, 1964, the petition was dismissed. This appeal followed.

Defendant contends that because the written recommendation of the prose-

**559**

cuting attorney for the issuance of a warrant charged only armed robbery, the Court lacked jurisdiction to try him for assault with intent to commit armed robbery, of which offense he was found guilty. At this stage of the proceedings we are not concerned with the recommendation of the prosecuting attorney for the issuance of the warrant. We look to the information to ascertain the offense charged. It charged the defendant with the specific offense of assault with intent to commit armed robbery, not merely armed robbery. The filing of the information in the circuit court gave that court jurisdiction to try him for that offense.

The jury returned a verdict of "guilty as charged." There was nothing uncertain about what it meant. It was a verdict of guilty of the only offense charged in the information. The verdict was a valid one. People v. Dupuis, 371 Mich. 395, 124 N.W.2d 242.

Defendant contends that the judgment is void in that he was deprived of a constitutional right to be tried under an indictment rather than under an information filed under the provisions of the state statute. Neither the Fifth Amendment of the Constitution of the United States nor the Constitution of the State of Michigan requires that the state proceed in criminal prosecutions only upon indictment by a grand jury. Hurtado v. People of State of California, 110 U.S. 516, 538, 4 S.Ct. 111, 292, 28 L.Ed. 232; Brown v. State of New Jersey, 175 U.S. 172, 175, 20 S.Ct. 77, 44 L.Ed. 119; In re Palm, 255 Mich. 632, 635, 238 N.W. 732; People v. Simon, 324 Mich. 450, 456, 36 N.W.2d 734.

We do not construe the recent ruling of the Supreme Court in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, as changing this long established rule. It dealt specifically only with that provision of the Fifth Amendment pertaining to self-incrimination.

We find no merit in defendant's contention that the language of the information was insufficient to meet the requirements of fairly apprising the defendant of the nature of the alleged offense or that it was error for the trial court by its order of December 28, 1942, to correct the clerical error in the trial court journal so as to correctly reflect the provisions of the judgment previously entered on September 20, 1939. This was not a change in the judgment.

The judgment is affirmed.