### PEOPLE v. HARDEN

INDICTMENT AND INFORMATION—CONSTITUTIONAL LAW.
  Proceeding by information rather than by indictment does not
    violate the Fourteenth Amendment of the United States
    Constitution.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 August 19, 1969, at Grand Rapids. (Docket No. 6,976.) Decided October 1, 1969. Rehearing denied November 10, 1969. Leave to appeal denied January 21, 1970. See 383 Mich 758.

Willie Harden was convicted of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Assistant Prosecuting Attorney, for the people.

*Shirley J. Burgoyne,* for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Defendant Willie Harden was tried by a jury and convicted of assault with intent to

---

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur 2d, Indictment and Information §§ 6–9, 25.

commit murder.   MCLA § 750.83 (Stat Ann 1962
Rev § 28.278).   On appeal he contends that he was
denied the right to effective assistance of counsel,
that the evidence failed to establish the specific in-
tent to commit murder, and that the court lacked
jurisdiction since defendant was proceeded against
by information rather than by grand jury indict-
ment.   The appellee has filed a motion to affirm the
conviction.

Our examination of the record convinces us that
the defendant was not denied the effective assistance
of counsel, and that the record contains sufficient
evidence, if believed, to support the jury's verdict
of guilty.   Proceeding by information rather than
by indictment does not violate the Fourteenth
Amendment of the United States Constitution.   *Peo-
ple* v. *Simon* (1949), 324 Mich 450.   The questions
presented here on appeal are unsubstantial and re-
quire no formal argument or submission.

The motion to affirm the defendant's conviction is
granted.